# WATHEN *v.* JACKSON OIL & REFINING COMPANY.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 79. Submitted November 9, 1914.—Decided January 11, 1915.

The right to restrain the enforcement of a statute as an unconstitutional deprivation of its property is a right existing in the corporation itself, and a stockholder is not entitled to maintain such an action without clearly showing that he has exhausted the means within his reach to obtain action by the corporation in conformity to his wishes.

Under Equity Rule No. 27 (formerly No. 94) in order to confer jurisdiction upon a Federal court of a suit by a stockholder to enforce a remedy belonging to the corporation the bill must allege not only that the suit is not a collusive one for the purpose of conferring jurisdiction but that unsuccessful efforts have been made to induce the corporation to bring the suit or the reasons for not making such efforts.

A bare assertion, by a stockholder in a suit to enjoin the officers of a corporation from complying with a statute alleged to be unconstitutional, that the officers and directors do not wish to comply with it but intend to for fear of incurring penalties, without stating any ground for dispensing with efforts to procure action by the corporation, is not sufficient under Equity Rule No. 27.

THE facts, which involve the constitutionality of certain provisions of the ten-hour labor law of Mississippi and

the right of a stockholder of a corporation to enjoin the corporation from complying with those provisions, are stated in the opinion.

*Mr. Marcellus Green* and *Mr. Garner Wynn Green* for appellant:

Chapter 157, Laws of Mississippi, 1912, unconstitutionally restrains the liberty of contract. Undue elevation of state police power at the expense of private constitutional right is a fundamental error. The State is without power to prohibit the making of a purely personal contract. *Lochner* v. *New York*, 198 U. S. 45; *Adair* v. *United States*, 208 U. S. 161; *Muller* v. *Oregon*, 208 U. S. 412; *Chicago &c. R. R.* v. *McGuire*, 219 U. S. 565; *Allegeyer* v. *Louisiana*, 165 U. S. 578; *Smith* v. *Texas*, 233 U. S. 630; *Riley* v. *Massachusetts*, 232 U. S. 671; *Sturges* v. *Beauchamp*, 231 U. S. 320; *Central Lumber Co.* v. *State*, 226 U. S. 157; *Rosenthal* v. *People*, 226 U. S. 260; *Schmidinger* v. *Chicago*, 226 U. S. 578; *Eubank* v. *Richmond*, 226 U. S. 370; *Chicago &c. Ry.* v. *Hackett*, 228 U. S. 559.

*Gundling* v. *Chicago*, 177 U. S. 183, and *Holden* v. *Hardy*, 169 U. S. 366, rightly hold that protection of the health and morals, as well as the lives, of citizens, is within the police power of the state legislature, but those cases are inapplicable here. And see *Buckeye Oil Co.* v. *State*, 60 So. Rep. 776.

The business of a cotton oil mill has not that which brought the law of New York into favor with the minority opinion of this court in *Lochner* v. *New York, supra.* This statute is purely a labor law and not a health measure. And see *Ex parte Fred Martin*, 26 L. R. A. (N. S.) 246.

In determining whether an act, limiting the hours of labor in any occupation, is in violation of the provisions of the Federal Constitution, the primary consideration is whether or not the occupation possesses such characteristics of danger to the health of those engaged in it

as to justify the legislature in concluding that the welfare of the community demands a restriction. *New York* v. *Williams*, 12 L. R. A. (N. S.) 1130.

This act attempts to legislate upon a subject over which the State is without power. See *Milsicek* v. *State*, 225 Missouri, 561; *People* v. *Williams*, 189 N. Y. 131; *S. C.*, 116 App. Div. 397; *In re Ten Hour Law*, 24 R. I. 603; *Eight Hour Bill*, 21 Colorado, 29; *Low* v. *Reese Printing Co.*, 41 Nebraska, 454; *Wheeling Bridge Co.* v. *Gilmore*, 8 Ohio C. C. 658.

The act arbitrarily classifies manufacturers and repairers, without regard to health or hazard, excluding from its operation persons and corporations whose employés perform services of identical character, and so violates the Federal Constitution. *Hing* v. *Crowley*, 113 U. S. 709; *Gulf &c. R. R.* v. *Ellis*, 165 U. S. 159; *Magoun* v. *Illinois Trust Co.*, 170 U. S. 283.

The act violates the Federal Constitution, in that, in the fines imposed and obedience thereby obtained, it is confiscatory. *Ex parte Young*, 209 U. S. 123, 163; *Dobbins* v. *Los Angeles*, 195 U. S. 223, 241.

Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a decree of a court of equity. *Smyth* v. *Ames*, 169 U. S. 466.

*Mr. Frank Johnston* and *Mr. Ross A. Collins*, Attorney General of the State of Mississippi, for appellees:

The complainant, a shareholder in the Jackson Oil & Refining Company, has no right to file, or maintain, the bill in this case. The United States court at Jackson has no jurisdiction of the case.

Section 266, Judicial Code, does not extend the jurisdiction of the Federal courts, but only gives authority for the issuance of injunctions in already pending cases in the mode and manner prescribed in this statute, and where the

jurisdiction exists in a Federal court. And a court of equity, neither state nor Federal, has any criminal jurisdiction, and the Federal court of equity having no jurisdiction in respect to criminal cases, § 266 does not apply to injunctions in such cases.

The Mississippi statute of 1912, regulating the hours of labor in the State in manufacturing establishments, is valid and constitutional.

MR. JUSTICE HUGHES delivered the opinion of the court.

The appellant brought this suit in the District Court to restrain the Jackson Oil & Refining Company, its manager and officers, from complying with a statute of Mississippi prohibiting employment in described occupations for more than ten hours a day, except in cases of emergency or public necessity (Chapter 157, Laws of Mississippi, 1912, p. 165) and to enjoin the other defendants (certain public officers) from enforcing its provisions as against that company.

It was alleged in the bill, in substance, that the defendant corporation was engaged in operating a cotton seed oil mill of the value of $100,000; that the complainant owned five hundred and two shares of its stock of the par value of one hundred dollars each and of the actual value of $60,000; that the business required that the mill should be operated continuously, both day and night, two shifts of laborers being employed; that the employment was under wholesome conditions, without any detriment to the physical, mental and moral well-being of those employed; that the statute, if enforced, would work a deprivation of liberty of contract and of property, and an arbitrary discrimination, contrary to the Fourteenth Amendment; that compliance with the statute would involve greatly increased cost of operation and render the corporation insolvent and its property valueless, to the

complainant's injury; that the statute had been sustained by the Supreme Court of Mississippi in a suit against another manufacturing company; that, although the officers of the defendant corporation desired to disobey the statute, they were complying therewith being constrained to obedience through fear of the enormous penalties imposed; and that these penalties were so severe that no owner or operator in the position of the defendant corporation could invoke the jurisdiction of a court to test the validity of the statute, except at the risk of confiscation.

Those defendants who were public officers demurred to the bill upon the grounds (among others) that the complainant as a stockholder of the corporation had no right to sue; that the bill could not be maintained to restrain the enforcement of the criminal law of the State; and that the statute was constitutional.

An application for a preliminary injunction was heard on the bill and demurrer and was denied, and from the order entered to this effect the complainant appeals to this court. Judicial Code, § 266.

The objection urged below, and repeated here, that the complainant has failed to show any right to maintain this suit must be sustained. The right of action to restrain the enforcement of the statute as an unconstitutional deprivation of the liberty and property of the corporation was a right existing in the corporation itself, and a stockholder was not entitled to sue without showing to the satisfaction of the court that he had exhausted the means within his reach to obtain action by the corporation in conformity with his wishes. *Hawes* v. *Oakland,* 104 U. S. 450, 460, 461; *Detroit* v. *Dean,* 106 U. S. 537, 541, 542; *Quincy* v. *Steel,* 120 U. S. 241, 248; *Doctor* v. *Harrington,* 196 U. S. 579, 588. The former equity rule (Rule 94, 210 U. S. 541) provided not only that the bill must allege that the suit was 'not a collusive one to confer upon a

court of the United States jurisdiction of a case of which it would not otherwise have cognizance,' but that the bill 'must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the cause of his failure to obtain such action.' The present rule (Rule 27, 226 U. S. Appx., p. 8) adds to this provision the words,—'or the reasons for not making such effort'; and these reasons, of course, must be adequate. The rule embraces those cases where the wrong to the corporation arises from unconstitutional legislation. *Corbus* v. *Alaska Gold Mining Co.*, 187 U. S. 455; *Davis & Farnum Mfg. Co.* v. *Los Angeles*, 189 U. S. 207, 220; *Ex parte Young*, 209 U. S. 123, 143. Here, while it is averred that the suit is not a collusive one in order to confer a jurisdiction which would not otherwise exist, there is no allegation that the complainant has made any request that the corporation should bring the suit to prevent the alleged invasion of its rights; nor does it appear that, by reason of antagonistic control of the corporation, such a request would be futile. Although apparently the holder of a majority of its stock, the complainant does not show any effort whatever to induce the corporation to sue. He contents himself with asserting in effect that, though the directors and officers do not wish to comply with the statute, they will do so through fear of its penalties. But this reason is palpably inadequate inasmuch as the corporation itself would be entitled to protection against the imposition of such penalties as would virtually deny access to the courts for the protection of rights guaranteed by the Federal Constitution. *Ex parte Young*, 209 U. S., p. 147; *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19, 53, 54; *Missouri Pacific Rwy.* v. *Tucker*, 230 U. S. 340, 351; *Ohio Tax Cases*, 232 U. S. 576, 587; *Wadley Southern Rwy.* v. *Georgia*, decided this day, *post*, p. 651. The allegations of the bill show no

ground for dispensing with efforts to procure action by the corporation; and in this view, without discussing the merits of the case, we are of the opinion that the complainant was not entitled to the injunction sought.

*Order affirmed.*