Powell, J.
The judgment of the court of common pleas in this case is affirmed on the ground that the plaintiff, William J. Wasmer, is without any legal right to maintain the action.
If recovery can be had upon the facts stated in the petition, it would be a recovery not in favor of the plaintiff directly but in favor of the defendant, The Massillon Iron & Steel Company, for the benefit of its creditors and stockholders. Plaintiff’s-interest in such recovery is as a stockholder of The Massillon Iron & Ste'el Company. The ground of recovery is the alleged negligence of the defendants as directors of said The Massillon Iron & Steel .Company, whereby -the loss of a large sum of money accr’ued to said defendant Iron & Steel Company and its stockholders. Such action can be maintained, and recovery had, in a proper case. Primarily the right to maintain it is in the corporation itself; either upon its own- -initiative, or on the demand'of a creditor, when a creditor is *490 interested, or of a stockholder. A secondary right to maintain the action accrues to a stockholder after demand made upon the corporation to institute such suit an'd a failure on its part to comply with sudh demand or to prosecute the action in-good faith to a final termination. Such suit can also be maintained originally by the stockholder where the facts alleged and proved show that the suit would not be prosecuted in good faith for the benefit of the corporation and its shareholders. In the present 'case plaintiff, who was a shareholder, made demand upon the corporation to institute suit against its alleged delinquent directors to recover from them losses claimed to have been sustained by the corporation 'by reason of their negligence. This demand was made August 26, 1912, and suit was brought pursuant to such demand in October, 1912, which suit is still pending. This action was commenced December 3, 1912.
We hold that in such -cases a suit brought in good faith, upon demand made by a stockholder, is in the nature of an election of remedies and that such stockholder is bound- by it. Plaintiff’s amended petition states ■ several reasons why he should be allowed to maintain this action. These reasons if sufficient for that purpose would also have been, sufficient to have allowed him to maintain an original action, without first making demand on the corporation. 'His remedy, if one were necessary by reason of bad faith or fraud-in the prosecution of the original suit, was to have intervened in that suit by answer and cross-petition. By analogy to the doctrine of election of remedies, he is bound by his own act in making *491 demand upon the corporation to bring the suit it did bring.

Judgment affirmed.

'Shields and Houck, JJ., concur.