## STONE et al. v. HOLLY HILL FRUIT PRODUCTS, Inc., et al.

### No. 6254.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1932.

Robert R. Milam, of Jacksonville, Fla., for appellants.

A. G. Turner, of Tampa, Fla., R. B. Huffaker and M. H. Edwards, both of Bartow, Fla., and Ellis F. Davis, of Kissimmee, Fla., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The amended stockholders' bill of Edith L. Stone and four others owning altogether about 2 per cent. of the capital stock of Holly Hill Fruit Products, Inc., which was brought against the corporation and certain officers accused of misconduct and prayed for injunction, a receiver and general relief, was dismissed on motion of the corporation, and complainants appeal.

One ground of the motion was that the bill complains of corporate mismanagement and does not show that the complaining stockholders had exhausted their remedies within the corporation. The bill, filed a few days after the annual stockholders' meeting, alleges that in that meeting the officers had made no sufficient statement of the current corporate affairs and had, with the purpose

of concealing their mismanagement, refused reasonable information asked by and for the complainants; that the directors had since re-elected an improper person as president, who with another director and a relative of the president as treasurer had been and still were an operating committee to whom the business was intrusted, and that the president was virtually in sole control; that excessive salaries were paid the president, treasurer, and others, while debts due by the corporation to customers for their fruit went unpaid, and debts due to the corporation by the president and his relatives and by companies controlled by him went uncollected; that the business was at a low ebb and the corporation about to become insolvent. These are grievances not peculiar to the complainants but affect alike all stockholders, and being primarily wrongs done to the corporation injure the complainants only indirectly as stockholders. The remedy for them lies in the first instance with the directors chosen by the stockholders to manage the corporate affairs. All the matters complained of existed and were known at the stockholders' meeting. The complainants should have appeared before the seven directors then chosen and urged their objection to the re-election of the president and treasurer; and should have informed them of the mismanagement by the operating committee, of the nonpayment to customers, of the excessiveness of the salaries paid to officers, and asked such further information about the business as they desired and were entitled to. The president was the only director drawing a salary. Only one other director was on the operating committee. No sufficient reason is alleged why the other five could not have been expected to act with fairness and honesty. That some resided at a distance is no excuse for not first seeking redress at their hands. Corbus v. Gold Mining Co., 187 U. S. at page 465, 23 S. Ct. 157, 47 L. Ed. 256. If it had been distinctly alleged that all four of the directors who are joined as defendants were so involved as to make application to them obviously futile, there should have been an effort made through the stockholders to control or supplant them. It is not alleged that there is any wrong combination of a majority of the stockholders, but only that they live at a distance, are ignorant of the situation, and send their proxies to the president. The plain remedy for that would be to seek another stockholders' meeting, after informing the other stockholders of the situation and asking them to withdraw their proxies and to attend. A stockholder, in taking stock in the ordinary corporation, submits, within the charter limits, to a guidance of the corporate affairs according to the will of the owners of a majority of the stock and through the directors whom the majority choose. The minority have a right to have the majority exercise their judgment, and to exercise it honestly and not fraudulently, but have no right to have a court substitute their own ideas and wishes for those of the majority, and that in advance of any refusal of the majority to hear and decide on the matter at issue. Minority stockholders may not in the absence of sudden emergency ask a court of equity to interfere in the management of their corporation until they have earnestly and unsuccessfully sought redress from the Board of Directors, and where appropriate also from the stockholders in meeting, unless they can show sufficient reasons for not doing so. This is implied in the provisions of Equity Rule 27 (28 USCA § 723). For defect in this respect a bill will be dismissed. Wathen v. Jackson Oil & Refining Co., 235 U. S. 635, 35 S. Ct. 225, 59 L. Ed. 395; Corbus v. Gold Mining Co., 187 U. S. 463, 23 S. Ct. 157, 47 L. Ed. 256; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Dimpfel v. Ohio & Mississippi R. R. Co., 110 U. S. 209, 3 S. Ct. 573, 28 L. Ed. 121; Memphis v. Dean, 8 Wall. at page 73, 19 L. Ed. 326. The general averment that complainants had objected to the president does not meet the particular requirements of the rule. There is alleged no dominance of the board of directors or of the stockholders by those whose personal interests are adverse to the relief sought by the bill such as to make it evidently futile to expect fair consideration within the corporation, as there was in Doctor v. Harrington, 196 U. S. 579, 25 S. Ct. 355, 49 L. Ed. 606, and Delaware & Hudson Co. v. Albany & Susquehanna R. R. Co., 213 U. S. 435, 29 S. Ct. 540, 53 L. Ed. 862. It has been made to appear that pending this appeal the president, about whom the bill most earnestly complains, has gone out of office, so that this part of the controversy has become moot. We affirm the judgment dismissing the bill without prejudice to the filing of another after due effort and failure to obtain relief through corporate channels.

Judgment affirmed.