## JORDAN v. LATROBE et al.

### No. 5502.

Court of Appeals of District of Columbia.

Submitted May 6, 1932.

Decided June 27, 1932.

Charles V. Imlay and John R. Reed, both of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia, dismissing, on motion, a bill in equity praying a temporary injunction, a receivership pendente lite, and the setting aside of a transfer of certain property as fraudulent.

Its allegations in substance were:

That the individual defendant, Francis C. Roberts, was in 1929 the inventor of a mechanical device for the vending of envelopes bearing air mail postage stamps.

To market this device the plaintiff and Roberts incorporated in the state of Delaware the other defendant, the Air Mail Apparatus Corporation of America.

In November, 1929, defendant Roberts, whom we will hereafter call defendant, in pursuance of that plan sold, assigned, and transferred to the defendant company, which we will hereafter call the company, all of his right, title, and interest in his invention, the prospective patent rights therein, the trademarks in connection therewith, the system of installation and operation thereof, and certain authority from the Post Office Department to install the device in some of its offices.

The considerations therefor were 60,000 shares of the company's capital stock, its promise to pay defendant $100,000 by installments, his employment for ten years as general manager at a salary of not less than $12,-000 a year, and the assumption of certain obligations of defendant in connection with his invention.

That contract was executed by the defendant, in his own behalf, and by the plaintiff, as vice president, for and in behalf of the company.

On December 24th following, the patent issued to the company, and thereafter on March 18, 1931, the company by assignment signed by one Karl O. Speiss, as vice president, reconveyed to defendant substantially everything it had taken under his former assignment and transfer.

The latter assignment is alleged to have been made without consideration, for the purpose of defrauding the creditors and stockholders of the company, at a time when it was insolvent and the rights assigned were its only assets.

As both a creditor of the company to the extent of nearly $6,000 and, as a holder of 130 shares of its capital stock, the plaintiff filed his bill and prayed that defendant be temporarily enjoined from disposing of the patents and other rights; that a receiver be appointed to take and hold the assets, books, and records of the company pendente lite; and that by final decree defendant Roberts be required to reassign said patent to the company.

The motion to dismiss, besides the not unusual claims of lack of equity and the existence of a remedy at law, denied the right of plaintiff to the relief sought for the two additional reasons that his claim had not been reduced to judgment, and that plaintiff was endeavoring to have the court wind up a foreign corporation without jurisdiction so to do.

The memorandum of the trial court granting the motion to dismiss the bill assigns no ground other than citation of Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. And a reading of that case suggests that possibly all the questions raised on this appeal were not presented to the trial court.

■ Pusey & Jones Co. v. Hanssen held primarily that a state statute authorizing the appointment of a receiver for an insolvent corporation on application of a simple contract creditor conferred no such authority upon a federal court. But it also affirmed the doctrine that such a creditor was not entitled to such relief independently of statute, which was an application to the facts of that case of the familiar rule of the federal courts that a creditor's bill is not available to a creditor who has not exhausted his remedies at law. Smith v. Ft. Scott, etc., R. Co., 99 U. S. 401, 25 L. Ed. 437; Day et al. v. Washburn et al., 24 How. 356, 16 L. Ed. 712; Nat. Tube Works Co. v. Ballou, 146 U. S. 523, 13 S. Ct. 165, 36 L. Ed. 1070; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 977, 37 L. Ed. 804.

Wherever the Supreme Court has held that judgment at law and fruitless execution are not indispensable prerequisites to filing a creditor's bill, the complainant had some interest in, or equitable lien upon, the fund or property. Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004; Hess v. Horton, 2 App. D. C. 81.

The present allegations of indebtedness show no such interest or lien.

■ Nor can his allegation that the individual defendant was about to abscond avail the plaintiff by analogy to attachment before judgment, for the obligations sued upon were not the obligations of the individual defendant but those of the company, which had already parted with its property.

In respect of the plaintiff's claim as a creditor, his bill is premature without a judgment at law.

■ While in respect of his claim as a stockholder, he fails to make the necessary allegation that he has exhausted his remedies within the corporation; or of any effort to induce the directors to bring a suit in the name of the corporation for the recovery of its corporate property; or any showing of the futility of such effort if made. Memphis City v. Dean, 8 Wall. 64, 19 L. Ed. 326; Detroit v. Dean, 106 U. S. (16 Otto) 537, 1 S. Ct. 500, 27 L. Ed. 300; Hawes v. Oakland, 104 U. S. (14 Otto) 450, 26 L. Ed. 827; Wathen v. Jackson Oil & Ref. Co., 235 U. S. 635, 35 S. Ct. 225, 59 L. Ed. 395.

■ Since this appeal was taken the plaintiff has obtained by decree in Delaware a receiver for the company, who has been substituted as appellee herein.

This action may facilitate his relief elsewhere, but does not affect the questions before us as to whether the bill when dismissed alleged facts entitling the plaintiff to go into equity, either as a creditor or a stockholder.

We are of opinion that it did not, and the decree dismissing it is therefore affirmed.

Affirmed.