### SHIMER et al. v. MILTON MFG. CO. et al.

### No. 1170.

District Court, M. D. Pennsylvania.

May 20, 1935.

Carpenter & Carpenter, of Sunbury, Pa., for complainants.

Frederick V. Follmer, of Milton, Pa., and Seth T. McCormick, Jr., of Williamsport, Pa., for defendants.

JOHNSON, District Judge.

This is a motion to dismiss the bill of complaint. Complainants, who are stockholders of the defendant corporation, filed their bill of complaint against the Milton Manufacturing Company, W. Walter Wilson, president, and Oran S. Stamm, treasurer, which alleges in substance that the defendants W. Walter Wilson and Oran S. Stamm, in collaboration with the directors, failed to hold regular meetings except twice since September, 1934; caused dividends to be paid out of the corpus assets of the defendant company; caused to be sold fixed assets which were necessary for the operation of the corporate business; caused to be issued yearly financial statements which inaccurately depict the true financial condition of the defendant company and caused to be purchased mortgage bonds of the defendant company, materially reducing the defendant company's cash on hand. The complainants pray for an accounting and the appointment of a receiver.

The defendants moved to dismiss the bill of complaint for the reasons, among others, that it violated Rule 24 of the United States Supreme Court Equity Rules (28 USCA following section 723), in that it was not signed by one or more solicitors of record, and that it volated rule 27 (28 USCA following section 723), in that "it does not set forth with particularity the

efforts of the complainants to secure such action as they desire on the part of the managing directors or trustees, and if necessary, of the stockholders, and the causes of his failure to obtain such action or reasons for not making such effort." The court granted a rule upon defendants' motion.

The bill of complaint is signed by the complainants but not by one or more solicitors of record, and therefore does not comply with Equity Rule 24.

The averment in the bill of complaint which is sought to comply with Equity Rule 27 is as follows: "Your orators allege that they were unable to and did not secure the acts they herein complained of and desire on the part of the managing officers and directors, for the following reasons, viz.: (a) The officers and directors of defendant corporation, the Milton Manufacturing Company, are hostile to the minority interests of stockholders and perform and execute their respective offices and functions in an autocratic, unreasonable and selfish manner. (b) Your orators will be unable to anticipate the action of defendants * * * it being without notice of the same * * *."

Equity Rule 27 provides that the bill "must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort."

From the bill it appears that the complainants have done nothing to secure from the directors or stockholders the action they desire. They content themselves with asserting that the reason for not making such effort is that the directors are hostile to the minority interests of stockholders.

It is within the power of the court to decide in every instance upon the facts shown in the pleadings whether a request to secure the action desired would have been an idle ceremony. Dana v. Morgan (D. C.) 219 F. 313; Ogden et al. v. Gilt Edge Consol. Mines Co. et al. (C. C. A.) 225 F. 723. The allegations of the bill show no ground for dispensing with efforts to procure action by the corporation. It does not appear to the court that there is a hostility or dominance of the board of directors or of the stockholders by those whose personal interests are adverse to the relief sought by the bill such as to make it evidently futile to expect fair consideration within the corporation. Stone et al. v. Holly Fruit Products, Inc., et al. (C. C. A.) 55 F.(2d) 553; Wathen v. Jackson Oil & Refining Company, 235 U. S. 635, 35 S. Ct. 225, 59 L. Ed. 395.

For the reasons stated, the court is of the opinion that the bill of complaint should be dismissed.

And now, May 20, 1935, it is ordered that the rule to show cause why the bill of complaint should not be dismissed be and the same hereby is made absolute, and the bill of complaint is dismissed, at the cost of complainants, and the rule to show cause why an interlocutory receiver shall not be appointed is discharged.