**HOBBS, Commissioner of Insurance of Kansas, v. MITCHELL.**

No. 1279.

Circuit Court of Appeals, Tenth Circuit.

Nov. 15, 1935.

John G. Egan, Asst. Atty. Gen., of Kansas (Clarence V. Beck, Atty. Gen., of Kansas, and John L. Hunt, of Topeka, Kan., on the brief), for appellant.

Harry W. Frazee, of Lawrence, Kan. (W. L. Cunningham, of Arkansas City, Kan., on the brief), for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellee Mitchell, who was plaintiff below, alleged in his bill of complaint, exhibited on July 1, 1933, that he is a resident and citizen of the state of Missouri; that he is the owner of 1164 shares of the capital stock of The Bank Savings Life Insurance Company, a Kansas corporation; that the total capital stock of said company is 2000 shares, each of the par value of $100; that Hobbs, defendant, is the Commissioner of Insurance of the state of Kansas; that prior to February, 1933, said company was authorized to transact business in the state of Kansas as well as in eleven other states; that it made proper application to said Commissioner of Insurance for renewal of its certificate of authority for a period extending from March 1, 1933, to February 28, 1934, but that said Commissioner wrongfully, capriciously, arbitrarily and illegally withheld from said insurance company said license applied for. The bill alleged other arbitrary conduct relative to the affairs of said company. The relief sought was a mandatory injunction restraining Hobbs as Commissioner from further withholding the issuance of certificate of authority to do business and that he be enjoined from in any manner interfering with the company's operations.

The Commissioner answered promptly. The answer challenged the bill for lack of equity. It denied the right of Mitchell to maintain the suit or that the bill showed any right in him to do so; that the insurance company was an indispensable party. It alleged that the insurance company was a Kansas corporation, and its principal office of business was at Topeka, Kansas. It denied that the company had made application for certificate of authority to do business covering any period beginning in 1933 in the form and manner prescribed by law; alleged that shortly before the filing of the bill the president and attorney of the company orally requested him to issue a certificate of authority and that he refused to do so. He denied all charges of capricious, arbitrary, illegal and wrongful conduct. He alleged that he made an examination of the affairs of the company as of March 30, 1932, and a supplemental thereto as of December 31, 1932, and on information the company was not solvent and in possession of the full amount of assets required by the Kansas insurance code; that he was willing to hold a formal hearing concerning the company's affairs, but it had requested time and opportunity be given it to improve and rectify its affairs without such hearing; that as a result of his said examinations he had had a number of conferences with the officers of the company; that those examinations disclosed that the affairs and management of the company were in a condition dangerous to the interests of its policy holders; that he furnished copies of those examinations to the company for its information and action; that he directed the attention of its managing officers to various things that required amendment and reformation in order to conserve and protect its policy holders; that he had numerous consultations with them for the same purpose; that some of his suggestions had been complied with and others had not been complied with; that he was and is at all times ready to issue the certificate of authority when its affairs are in such condition to justify it.

On July 1, 1933, the District Judge issued an order to Hobbs to show cause on July 8, 1933, why the relief asked in the bill should not be granted, and on that day it ordered the Commissioner to issue a temporary certificate authorizing the company to do business until October 10 next ensuing, and it continued the further hearing until that day. On that day it ordered Hobbs to issue to the company a certificate authorizing it to do business, said certificate to remain in force until the final determination of the suit, and that Hobbs suspend all hearings before him concerning the affairs of the company until the final determination of the suit.

On December 14, 1934, another judge in the district entered an order vacating that portion of the order of October 10, 1933, supra, which reads: "It is further ordered by the court that the de-

fendant Charles F. Hobbs suspend all hearings before him concerning the affairs of The Bank Savings Life Insurance Company until the final determination of this matter." It further directed that Mitchell, the company and its agents should not make any sale, exchange or disposal of any of the company's securities, nor any contracts for that purpose, but that the Commissioner should be unrestrained in the exercise of his discretion in passing upon and allowing or rejecting applications by the company for such withdrawals. It was designated as a temporary order and a day set to consider whether it should be continued. On that day an order was entered continuing the prior order until further order of the court.

On April 15, 1935, plaintiff Mitchell presented a motion to the judge who made the first orders requesting that the two orders made by the second judge be vacated and set aside. It alleged that Hobbs began a detailed examination of the affairs of the insurance company on December 10, 1934; that Hobbs had notified the insurance company that a hearing on said report would be held in his office beginning on April 16, 1935, at 10:00 A. M., and it asked the court for an order requiring Hobbs to extend the time of hearing on said report for such length of time as might seem reasonable to the court. On April 16, 1935, the judge who made the first orders granted that motion directing that the hearing be continued until May 10, 1935. That is the order from which this appeal was taken. It is in effect an injunctive order.

The only ground of Federal jurisdiction was diverse citizenship. But plainly the suit was collusive. The right of action, if any, stated in the bill was in the insurance company, and it and Hobbs were both citizens and residents of Kansas. If it had been made a party defendant it would have been classed as plaintiff on the question of jurisdiction. There was no attempt whatever by Mitchell to comply with the requirements of Equity Rule 27, 28 U.S.C.A. following section 723, and the bill was also a clear violation of Equity Rule 37, 28 U.S.C.A. following section 723. There was no equity jurisdiction at any time in the District Court. The bill should have been dismissed as urged by counsel for Hobbs. Wathen v. Jackson O. & R. Co., 235 U.S. 635, 35 S.Ct. 225, 59 L.Ed. 395; Heinz v. National Bank of Commerce

(C.C.A.) 237 F. 942. The order appealed from required a state officer to desist from performing a duty enjoined upon him by state statute. Previous orders had likewise enjoined him from holding hearings concerning the affairs of the company. There was no proof whatever of arbitrary or oppressive conduct by the Insurance Commissioner.

Appellee presents here a motion to dismiss this appeal and in support thereof copies of certain files in a proceeding in the state district court of Shawnee county, Kansas, in the cause entitled, State of Kansas ex rel. Attorney General v. The Bank Savings Life Insurance Company. That suit was instituted May 11, 1935. It details many transactions of the insurance company in reference to its securities. It clearly sets forth dishonest conduct on the part of its directors and officers in exchanging and attempting to exchange valuable negotiable securities which it held for securities of far less value and of different kinds. The bill was verified by the Attorney General with this qualification, "that some of the allegations may understate the amount of the bad condition or the character of the misconduct of the defendant insurance company." The Attorney General by written motion filed with the bill asked that a receiver be appointed of the affairs and properties of the insurance company, and such order appointing a receiver, we are informed, was thereafter made by the state district court. It has already been stated that the order of April 16, 1935, appealed from, required the Commissioner to postpone his hearing until May 10, 1935. That hearing is one provided by the state statute at which the company's directors and officers were to attend for purposes of a thorough inquiry into the company's condition based on the Commissioner's previous examination of the company. The motion of the Attorney General for the appointment of a receiver is also verified by the Attorney General, and it sets forth that Mitchell, plaintiff in the suit brought by him against the Commissioner in the Federal court, appeared in that court on May 10, 1935, and presented to the District Judge application for order to further postpone such hearing by Hobbs, but it was not acted on because Hobbs in the meantime had taken this appeal from the order of April 16. Thereupon Mitchell came to this court and asked this

court to further stay Hobbs in holding the hearing, which was denied.

In view of what was said in Com. of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166, Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848, and Penn General Casualty Company v. Com. of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, as well as what has been said supra relative to Mitchell's suit having been collusive and in violation of Equity Rules 27 and 37, we reverse the order appealed from with directions that the court dismiss the suit brought by Mitchell at his cost.