### MILLER v. WEIANT et al.
### No. 1247.

District Court, S. D. Ohio, E. D.

Jan. 16, 1942.

Hugh K. Martin and James M. Hengst, both of Columbus, Ohio, for plaintiff H. R. P. Miller.

E. Clark Morrow, of Newark, Ohio, for A. P. Hess.

Jones, Jones & Jones, of Newark, Ohio, for Carl A. Weiant and others.

Brandt S. Hervey, of Newark, Ohio, for Clark B. Hatch.

Yearick & Hughes, of Newark, Ohio, for Robert B. Buxton.

Wayne Collier, of Newark, Ohio, for Wayne Collier, receiver, and another.

UNDERWOOD, District Judge.

This suit was brought under former Equity Rule 27, 28 U.S.C.A. § 723 Appendix, superseded by Rule 23(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by a shareholder of the R. B. Buxton Co., a corporation, on behalf of the corporation and shareholders, against the directors of the corporation for an accounting of the corporate assets; the corporation was joined as a necessary party defendant. It is now before the Court on motion of the complainant to refer to a Special Master. The defendants have demanded a trial by jury. Both motion and demand will be disposed of in this memorandum.

In making his motion, complainant contends that this is an equity suit; defendants, in demanding trial by jury, contend that this is an action at law. If it be in equity, the Court, in its discretion, may refer the entire matter to a Master; if it be at law, it may refer only those matters of fact which will be of aid to the jury in its final determination.

The Court is persuaded that this is a suit in equity. It is not denied that a corporation may maintain a suit against its officers and directors, or any of them, for an accounting of funds and assets intrusted to them which have been dissipated by their fraud or negligence. In such a case, the suit has always been in equity, the officers and directors being considered as quasi trustees of the assets. Where the officers in charge of a corporation refuse to bring such a suit, after demand by a shareholder that suit be brought, any stockholder may bring suit on behalf of the corporation and the other shareholders. The stockholder is not suing on a cause of action personal to him; he is merely suing to enforce a right which is in the corporation. The original suit, if brought by the corporation, being one in equity, the same cause when brought by a stockholder on behalf of the corporation is also in equity. See 13 Am.Jur. 967, § 499 and cases therein cited. That such a suit is one in equity is well established in Ohio, 10 Ohio Jur.

793, §§ 357 and 360; Scullin v. Mutual Drug Co., 138 Ohio St. 132, 33 N.E.2d 992; Taylor v. Miami Exporting Co. et al., 5 Ohio 162, 22 Am.Dec. 785; Wasmer v. Massillon Iron & Steel Co. et al., 7 Ohio App. 488; Goff v. Emde, 32 Ohio App. 216, 167 N.E. 699. Numerous decisions support such a suit in Federal court. See Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827; Wathen v. Jackson Oil & Refining Co., 235 U.S. 635, 35 S.Ct. 225, 59 L. Ed. 395; United Copper Securities Company et al. v. Amalgamated Copper Company et al., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119.

This cause being one in equity, the only question is whether this is a case which is properly referable to a Master. Rule 53(b) of the Rules of Civil Procedure provides for a reference to a Master in equity in case of an accounting or when there is some exceptional condition. The complaint asks for an accounting by the directors of the assets of the corporation. The total assets involved are several hundred thousand dollars; expert accountants must be employed, voluminous testimony of a technical nature must be taken. Under such circumstances the Court, in the exercise of its discretion, may refer to a Master. In this case, the Court feels that such a reference should be made.

Entry accordingly.