**BRUCE & CO. v. BOTHWELL et al.**

District Court, S. D. New York.
Jan. 14, 1948.

Louis W. Vyner, of New York City (Pomerantz Levy Schriber & Haudek and Leonard I. Schreiber, all of New York City, of counsel), for plaintiff.

Breed, Abbott & Morgan, of New York City (Charles H. Tuttle and John R. Brook, both of New York City, and Charles C. Richmond, of Jackson, Miss., and Archie D. Gray, of Houston, Tex., of counsel), for defendant Gulf Oil Corporation.

Joseph E. Kinsley, of New York City, for defendant Elmer Haslett.

GODDARD, District Judge.

These are two motions; one by the defendant Gulf Oil Corporation, hereinafter referred to as Gulf; the other by defendant Haslett, to dismiss the amended complaint because of failure of the amended complaint to comply with the provisions of Rule 23(b) of the Federal Rule of Civil Procedure, 28 U.S.C.A. following section 723c. In the alternative, defendant Gulf moves for an order requiring the plaintiff, pursuant to Sections 61-b, 64 and 67 of the General Corporation Law of New York, Consol.Laws, c. 23, to give the defendant Gulf security in the amount of $25,000. for reasonable expenses including attorneys' fees which may be incurred by Gulf and by other party defendants in connection with the action.

The motion papers also ask for dismissal of the amended complaint upon the grounds of lack of jurisdiction over Gulf, and improper venue, but as similar motions were previously denied by Judge Conger, the defendant repeats them for the purposes of judicial review. Judge Conger dismissed the original complaint with leave to amend stating that "The complaint contains no allegation with respect to plaintiff's attempts to secure action from the shareholders, or reason why such efforts were not made * * *. The law is clear the necessary allegations must be made. See Moore's Federal Practice, Section 23.05, page 2269 and cases cited."

The plaintiff is and was at the time of the acts complained of the holder of 50 of the 9,000,000 outstanding shares of stock of Gulf. The amended complaint alleges a conspiracy by the individual defendants to divert assets of Gulf to defendant Haslett, and seeks an accounting and losses alleged to have been sustained by Gulf.

The amended complaint further alleges that all members of the Board of Directors of Gulf participated in the alleged wrongful acts; are hostile, and that plaintiff has not requested the corporation or its Board of Directors to bring action against the defendants; that they have full knowledge of the wrongs alleged, are hostile to the interests of the shareholders and have failed and refused to seek redress. The amended complaint then alleges [not in the original complaint]—

"Plaintiff has made no demand upon the stockholders of the Corporation to obtain redress for the wrongs hereinabove alleged because the Corporation has issued and outstanding more than 9,000,000 shares of its stock, which stock is listed and actively traded on the New York Stock Exchange, and is further traded on the Stock Exchanges in Pittsburgh and Philadelphia. Said stock is owned and held by more than 20,000 separate stockholders, who reside in more than forty (40) different states, as well as in several foreign countries. Any such demand would therefore entail tremendous expense and delay, would result

in a costly proxy fight, would be opposed by the present Board of Directors and would be futile".

The defendants urge that this new allegation in the amended complaint does not cure the defect in the original complaint; that no effort has ever been made to obtain action from the directors nor the shareholders; that no request for action has been made to any of its officers. The affidavits submitted by defendants state that on May 28, 1947 Gulf's annual meeting of shareholders was held and that the plaintiff did not appear and made no effort to have the shareholders take action, although for eight days prior to the meeting the newspapers in New York City and other parts of the country carried full reports of the investigation and Gulf's connection with transactions.

The defendants argue from this that "the fair inference is that the plaintiff, though fully aware prior to the meeting of May 28th of the subject matter now pleaded by him, deliberately refrained from availing himself of the opportunity provided by the annual meeting to lay the subject matter or his charges before the stockholders * * *".

The pertinent part of Rule 23(b) reads—

"The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

Judge Conger, in dismissing the original complaint, held that the plaintiff must allege what attempts were made to secure action by the shareholders, and if no such attempt was made, the reason why.

■ Admittedly no effort was made to have the shareholders take action. Is the allegation that a corporation has many shareholders, some of whom reside in various parts of the country, sufficient in itself to excuse a plaintiff from making any attempt to have the shareholders take action as required by Rule 23(b)? There is no allegation that the directors owned or controlled a majority of the stock, and there is no allegation that if the shareholders were informed of the situation they would not at a subsequent meeting take appropriate action. At the meeting of shareholders on May 28, 1947 the plaintiff made no effort to bring the matter to their attention or request action by the shareholders. The fact that shareholders are scattered throughout the country and many vote by proxy does not itself relieve plaintiff from alleging that he has sought appropriate action by the shareholders. Stone v. Holly Hill Fruit Products Co., 5 Cir., 56 F.2d 553; Long v. Stites, 6 Cir., 88 F.2d 554, certiorari denied 301 U.S. 706, 57 S. Ct. 939, 81 L.Ed. 1360; Yates Ranch Oil & Royalties v. Jones, 5 Cir., 100 F.2d 419; 2 Moore's Federal Practice, Sec. 23.05, p. 2269; see United Copper Co. v. Amalgamated Copper Co., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119.

To hold that it is unnecessary to first seek action by the shareholders of a corporation if it has numerous and widely scattered shareholders would deprive such a corporation and the interests of the shareholders of the protection intended by Rule 23(b) and would tend to subject it to unwarranted suits.

■ In my opinion the allegations of the amended complaint are not sufficient and the motions to dismiss should be granted. In view of this disposition, it is not necessary to consider the alternative motion for security for costs.

Motions granted with leave to amend. Settle order on notice.