ATLANTA LAUNDRIES, Inc. v. NATIONAL LINEN SERVICE CORPORATION et al.

C. A. No. 3104.

United States District Court
N. D. Georgia, Atlanta Division.

Nov. 16, 1948.

James A. Branch and Thos. B. Branch, Jr., both of Atlanta, Ga., for plaintiff.

Wm. G. McRae and Harry W. Belfor, both of Atlanta, Ga., for the proposed intervenor.

Golden & Haas, Spalding, Sibley, Troutman & Kelley, Powell, Goldstein, Frazer & Murphy, and MacDougald, Troutman, Sams & Branch, all of Atlanta, Ga., and Lemle, Moreno & Lemle, of New Orleans, for defendants.

UNDERWOOD, District Judge.

On November 6, 1948, a document was filed in the above styled case called a motion to "intervene as quasi-parties on the side of the plaintiff, seeking relief only in the name of and on behalf of Atlanta Laundries, Inc.;" by three alleged stockholders of that Company, Atlanta Trust Company, Mrs. Mary Marinos, administratrix of the estate of Pete Marinos, and Mrs. Edith Cole Little, administratrix with the will annexed of the estate of W. C. Cole.

No order of court was obtained, but notice was served upon the parties to the suit that movants would bring the motion on for hearing before the Court on November 13, 1948.

Thereupon movants, also without order of court, immediately issued subpœnas and subpœnas duces tecum to a large number of individuals and corporations, about sixty all told, demanding their appearance and the production of a great volume of documents and books before the Court on November 13th. Notice was also served on others of the taking of their depositions and demand for production of documents and books on November 13th.

Motions to Quash said notices and subpœnas were presented to the Court on November 12th, and after a long hearing, were sustained because premature and unreasonable.

Upon consideration of the so-called motion to intervene, the Court finds that it shows upon its face that it is without merit and that both as a matter of law and the exercise of discretion, should be denied by the Court, as fully pointed out below.

The main case was filed in Fulton Superior Court on October 2, 1946 and removed to this Court by removal petition filed January 27, 1947.

The case was heard upon demurrers and pleas to the jurisdiction on October 18, 1948. At this hearing the issues were hotly contested, being vigorously prosecuted and defended by able counsel on both sides. Elaborate briefs have been filed and the question submitted to the Court for its decision on November 5, 1948.

Movants' grounds for intervening are that plaintiff is being inadequately represented by its counsel of record in this case in that they negligently agreed to a stipulation of facts which movants allege are "fallacious and equivocal and only half-truths;" that they "negligently permitted the sale of stock of National Linen Service Corporation which stood in the name of B. C. McClellan at the time of his death" upon a consent order of Fulton Superior Court; that they negligently failed to make an individual and two corporations, alleged by movants to be indispensable, parties to the suit; and finally, that "said counsel had means of knowing and hence knew, at the time of filing this and related actions, certain alleged facts set out in the motion as sub-paragraphs (a) to (u), inclusive." It is not alleged wherein such knowledge amounts to negligence.

Among the prayers, the Court is asked to permit movants to add new parties; to interplead Hibernia National Bank and obtain an accounting from it; to obtain discovery of certain documents; to require the filing of certain depositions, documents and briefs in the case; that movants "be permitted to intervene on the side of the plaintiff for the purpose of making all necessary parties and litigating all proper issues to a legal conclusion arising out of the transfer of the assets of said three corporations to National Linen Service Corporation, to obviate the necessity of insti-

tuting a derivative action and to obviate the necessity of a multiplicity of suits;" to "afford counsel for movants to point out to other counsel wherein the Stipulation of Facts is at variance with the true facts, and to suggest revisions of and additions to the same before the court considers the legal principles that govern the true facts;" thus to virtually take over the conduct of the case from plaintiff's counsel of record without alleging any authority from the Corporation, its officers, directors or stockholders, or any effort to secure such authority.

■ Movants have no right to intervene and become parties as individual stockholders. As stockholders, their rights are limited, and an action on behalf of the corporation must be brought in its name after exhausting corporate remedies, which include appeal to the directors and officers of the corporation.

■ As said by the Circuit Court of Appeals for the Fifth Circuit in Stone v. Holly Hill Fruit Products, 56 F.2d 553, the complaints of movants are not peculiar to them "but affect alike all stockholders, and being primarily wrongs done to the corporation injure the complainants only indirectly as stockholders. The remedy for them lies in the first instance with the directors chosen by the stockholders to manage the corporate affairs." 56 F.2d at page 554. " * * * The minority have a right to have the majority exercise their judgment, and to exercise it honestly and not fraudulently, but have no right to have a court substitute their own ideas and wishes for those of the majority, and that in advance of any refusal of the majority to hear and decide on the matter at issue. Minority stockholders may not in the absence of sudden emergency ask a court of equity to interfere in the management of their corporation until they have earnestly and unsuccessfully sought redress from the Board of Directors, and where appropriate also from the stockholders in meeting, unless they can show sufficient reasons for not doing so." 56 F.2d at page 554, citing cases. To the same effect see United Copper Securities Co. et al. v. Amalgamated Copper Co. et al., 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119.

■ Movants do not allege any facts which would entitle them, under Rule 24 of Federal Rules of Civil Procedure, 28 U.S. C.A., to intervene in the case. It is not really a motion to intervene but one to take over the prosecution of plaintiff's case without showing any adequate reason therefor and without being invited by the Corporation or its officers or its directors to participate in the prosecution.

There is no allegation that plaintiff is dissatisfied with its counsel of record or the manner in which they are conducting the case or that they desire the assistance of movants or their attorneys. If there is need or desire for such assistance, there is nothing to prevent the Corporation from requesting same without any order of court. The Court can not, as prayed in the motion, compel the Corporation, upon the allegations of the motion, to accept the assistance of movants and their counsel, if it does not desire to do so. It may think that such acceptance might result in undue delay and confusion which would prejudice the adjudication of its rights.

The motion is insufficient as a matter of law and also unacceptable to the Court in the exercise of lawful discretion, because unnecessary, improper and tending to unduly delay and prejudice the adjudication of the rights of the original parties, and should be disallowed.

Whereupon, it is considered, ordered and adjudged that said motion be, and hereby is, overruled, denied and dismissed. Let movants pay costs accrued because of said motion.