**Arthur and Hilda HAFFER, Appellants,**

v.

**Alvin A. VOIT and The Mengel Company, et al., Appellees.**

**Ann F. AMES, Appellant,**

v.

**Alvin A. VOIT and The Mengel Company, et al., Appellees.**

No. 12215.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 1955.

Dorsey W. McMahan, in pro. per.

No appearance for respondent.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

·PER CURIAM.

McMahan applies to this court for permission to appeal forma pauperis from

L. Lyne Smith, Jr. (of Woodward, Hobson & Fulton), Louisville, Ky., Sidney L. Garwin, and Israel Beckhardt, New York City, for appellants.

Charles G. Middleton, Leo T. Wolford, and Edwin G. Middleton, Louisville, Ky. (Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., of counsel), for appellees.

Before ALLEN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel:

And it appearing that plaintiffs herein, minority stockholders in The Mengel Company, a New Jersey corporation, have filed a derivative action against the corporation and its president attacking the revision on October 21, 1949, of an option by the corporation's directors without approval of the stockholders;

And it appearing that said revised option provided in substance for the sale to the president of 10,000 shares of un-issued common stock of the corporation to be paid for by the president's demand note for $100,000, the stock to be pledged as collateral, the dividends paid on such shares to be applied to payment on the note, and the corporation to have no recourse against the president on the note except to the extent of the stock deposited as collateral;

And it appearing that on October 26, 1949, the president exercised the option in accordance with the terms thereof;

And it appearing that the stockholders were fully apprised through the proxy dated April 4, 1950, sent them for the stockholders' meeting, of the terms of the said revised option;

And it appearing that said revised option was authorized by 14:9–1 (a), Revised Statutes of New Jersey, 1937, and by 14:9–4 as amended in 1948, Revised Statutes Cumulative Supplement, New Jersey, 1948, N.J.S.A.;

And it appearing that while under the amended statute of 1948 the revised option was subject to be altered, changed or repealed by the stockholders, no such action was taken by the stockholders;

And it appearing that plaintiffs made no earnest and honest effort to secure from the stockholders such action as they desired, Cf. Rule 23(b) Rules of Civil Procedure, 28 U.S.C.A.; Long v. Stites, 6 Cir., 88 F.2d 554;

And it appearing that plaintiffs' explanation that they made no effort to secure such action from the stockholders upon the ground, among others, that they were widely scattered and that there would be expense and delay incident to such demand, is legally insufficient. Bruce & Co. v. Bothwell, D.C., 8 F.R.D. 45. Cf. Stone v. Holly Hill Fruit Products, Inc., 5 Cir., 56 F.2d 553:

It is ordered that the judgment of the District Court be and it hereby is affirmed for the reasons stated in the findings of fact and conclusions of law of the District Court entered January 13, 1954.