**Mitchell MEYERS, Plaintiff,**

v.

**William W. KEELER et al., Defendants.**

**Civ. No. 75–0263–D.**

United States District Court,
W. D. Oklahoma.

May 3, 1976.

**936**

Robert G. Grove, Oklahoma City, Okl., and Gene Mesh, Cincinnati, Ohio, for plaintiff.

R. B. McDermott, Tulsa, Okl., for defendants Keeler, Martin, Houchin, Slack.

R. Thomas Seymour and G. Michael Lewis, Tulsa, Okl., for defendant Arthur Young & Co.

Burck Bailey, Oklahoma City, Okl., for defendant Phillips Petroleum Co.

## ORDER

DAUGHERTY, Chief Judge.

This is a shareholders' derivative action brought by Plaintiff as one of the shareholders of Defendant Phillips Petroleum Company (Phillips). Joined as Defendants in said action with Phillips are four individuals who are alleged to be or to have been officers or directors of said corporation. Also joined in said action as a Defendant is Arthur Young & Company (Arthur Young) which is an accounting firm used by Phillips. Plaintiff claims the Defendants converted and exercised control over corporate funds of Phillips and used same for illegal purposes. The Plaintiff alleges that such funds were used for making improper political contributions.

Motions to Dismiss have been filed on behalf of all Defendants. Said Motions are supported by Briefs. Plaintiff has filed Responses to same which are supported by Briefs. The Court conducted an evidentiary hearing and entertained oral arguments on said Motions on January 6, 1976.

One common ground asserted by all Defendants in their Motions to Dismiss is that Plaintiff failed to sufficiently allege compliance with Rule 23.1 Federal Rules of Civil Procedure which requires a Plaintiff in a derivative stockholders action to allege the effort made to obtain the actions he desires from the corporate directors or to allege in the alternative the reasons such effort was not made. It is urged that failure of a Plaintiff to comply with the aforementioned requirements compels a dismissal pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Plaintiff contends that no demand upon the board of Phillips was required. He contends that such would have been an exercise of futility. He states that his position is that the Board of Directors of Phillips has made pronouncements which indicate they do not desire to pursue recoupment of any funds involved in the alleged improper contributions. He attaches to his Response a copy of Phillips' Notice of Proxy Statement for its 1975 Annual Meeting which the Court notes is dated March 31, 1975 which is three days after the instant action was filed. He cites several cases to include *deHass v. Empire Petroleum Company,* 435 F.2d 1223 (10 Cir. 1970) as legal authority that compliance with Rule 23.1(2) is not required when it is shown that the failure to make demand on the board of directors is for the reason such demand would be futile.

The applicable portion of Rule 23.1, *supra,* provides:

"The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the

shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

In the instant case, the Complaint states such demand was not made and Plaintiff attempts to set out reasons for not making such effort. Plaintiff contends such a demand would be futile and sets out six allegations which are designated as reasons in support of said contention.

An excellent discussion of the demand requirements of Rule 23.1 is contained in the case of *In re Kauffman Mutual Fund Actions,* 479 F.2d 257 (1 Cir. 1973), cert. den. 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 as follows:

"For lawyers and judges accustomed to the liberalized 'notice' pleading of the Federal Rules, F.R.Civ.P. 8, a brief review of the background of Rule 23.1 is in order. Rule 23.1 is not an ordinary, but an exceptional rule of pleading, serving a special purpose, and requiring a different judicial approach. Socially desirable as minority stockholders' actions may be thought to be, *see* Emerson and Latchman, Shareholder Democracy ch. VIII (1954); *Pomerantz v. Clark,* D.Mass., 1951, 101 F.Supp. 341, 346, it is normally the directors, not the stockholders, who conduct the affairs of the company. Hence, to be allowed, sua sponte, to place himself in charge without first affording the directors the opportunity to occupy their normal status, a stockholder must show that his case is exceptional. His initial burden is to demonstrate why the directors are incapable of doing their duty, or as the Court has put it, to show that 'the antagonism between the directory and the corporate interest . . . be unmistakable.' *Delaware & Hudson Co. v. Albany & Susquehanna R. R.,* 1909, 213 U.S. 435, 447, 29 S.Ct. 540, 543, 53 L.Ed. 862. This has long meant, as the Court stated in *Hawes v. Oakland,* 1881, 104 U.S. 450, 26 L.Ed. 827, cited in *Delaware,* that the 'cause of failure [to induce corporate action] . . . should be stated with particularity.' 104 U.S. at 461, 26 L.Ed. 827. *See also Wathen v. Jackson Oil & Refining Co.,* 1915, 235

U.S. 635, 639–640, 35 S.Ct. 225, 59 L.Ed. 395.

Rule 23.1— The complaint shall also allege with particularity . . . the reasons for . . . not making the [demand]'—is thus the embodiment of a long-standing principle, or, as the Massachusetts court said in a parallel case, *Bartlett v. New York, N.H. & H. R.R.,* 1915, 221 Mass. 530, at 538, 109 N.E. 452 at 456, 'It is not a technical rule of pleading, but one of substantive right.' Whether the word 'substantive' is exact, it is clear that the 'particularity' must appear in the pleading itself; the stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case. Indeed, if the requirement could be met otherwise, it would be meaningless."

Another similar discussion in depth is found in *Nussbacher v. Continental Illinois Bank and Trust Company of Chicago,* 61 F.R.D. 399 (N.D.Ill.1973) wherein the Court stated:

"The rationale of the Rule 23.1 demand requirement is that the corporate board of directors, exercising their reasonable and good faith business judgment, possesses the paramount right to corporate control and management. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The power and right to invoke judicial sanctions to rectify corporate injuries resides in the board of directors and represents an integral aspect of their duties.

While excuse of demand is wholly within the sound discretion of the trial court, *Robison v. Caster,* 356 F.2d 924 (7th Cir. 1966), it is usually limited to cases where the directors wrongfully refuse to pursue corporate rights or are personally involved in the wrongdoing. Fletcher, Corporate Cyclopedia, § 5965, n. 2 (1970); Note, 73 Harv.L.Rev. 746, 753 (1960) (citing cases). Indeed, mere approval of corporate action, absent self-interest or bias, cannot be the basis for establishing director misconduct since directors are afforded such considerable latitude in man-

aging their corporations. *In re Kauffman Mutual Fund Actions,* 479 F.2d 257 (1st Cir. 1973). To hold otherwise would be to strip Rule 23.1 of any logical meaning.

Thus, before a court will dislodge control from its rightful possessors, the complaining shareholder must show that his complaint is an exceptional one. This burden rests squarely with the plaintiff and may be raised by any party to the action. See, *e. g., Hawes v. Oakland,* 104 U.S. 450, 26 L.Ed. 827 (1881) (lack of demand raised by city of Oakland), and *Robison v. Caster, supra* (issue raised by individual defendant's executor). The shareholder must, in short, either diligently exhaust his internal corporate remedies or 'allege with particularity' the reasons why such exhaustion would be meaningless."

In *Brody v. Chemical Bank,* 517 F.2d 932 (2 Cir. 1975), the Court stated:

"The very purpose of the 'demand' rule is to give the derivative corporation itself the opportunity to take over a suit which was brought on its behalf in the first place, and thus to allow the directors the chance to occupy their normal status as conductors of the corporation's affairs. *In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 263 (1st Cir.), cert. denied, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). It is manifest that this purpose could not be served by making (or excusing) a demand on the 1971 directors who were out of office in 1974 when the second complaint was filed. See *Lerman v. ITB Management Corp.,* 58 F.R.D. 153, 159 (D.Mass.1973); *Johnson v. Arthur Espey, Shearson, Hammill & Co.,* 341 F.Supp. 764, 767 (S.D.N.Y.1972). See also 3B J. Moore, Federal Practice ¶ 23.1.19, at 23.1–252–53 (2d ed. 1974) ('From the particular facts alleged [in the complaint], it must appear that a new board of directors has not been installed. . . . [A] shareholder's suit is to be resorted to as a last alternative, and . . . the corporation is given every possibility to sue in its own name.'); 7A C. Wright and A. Miller, Federal Practice and Procedure § 1831, at 377–78 (1972) ('[I]f a substantial period has transpired between the demand and institution of the action, the court may insist on a second demand or proof that the directors or the nature of the claim have not changed.') (footnote omitted)."

This Court recognizes the standard adopted by the Tenth Circuit in *deHass v. Empire Petroleum Company, supra,* that the Courts should be lenient in excusing demand. However, in the instant case, an examination of the Complaint as a whole fails to disclose even minimal facts which excuse the making of same. The language of the Rule itself contemplates that demand is not required in every instance. What is required by the Rule is "The complaint shall also allege with particularity . . . the reasons for . . . not making the effort." The mere allegation that such an effort would be futile is insufficient without the pleader setting out facts showing such. An examination of the District Court treatment of the *deHass* case which is reported in 286 F.Supp. 809 (D.Colo.1968) discloses that the Court considered this question of the sufficiency of the Rule 23.1 demand requirement after same was presented on a Motion for Summary Judgment. Judge Doyle in said opinion noted that such a decision is normally made solely on the allegations of the Complaint, but he considered other evidentiary matters because parties took issue with the facts contained in the Complaint.

An examination of the Complaint shows Plaintiff makes an allegation that demand would be futile based on six specified reasons. Each of said reasons must be examined to determine if they meet the special standards specified in rule 23.1 as to "particularity". The first allegation is that the individual Defendants would be required to sue themselves. This conclusionary allegation is not supported by facts. The second allegation is that the Directors of Phillips could not properly prosecute this action because it is the Directors who approved the acts complained of. This allegation also appears to be conclusionary and not sup-

ported by facts. In regard to the first and second allegations of Plaintiff, it has not been alleged or shown that Defendants herein constituted a majority of the Phillips Board of Directors or otherwise could prevent a majority of said Board from initiating and prosecuting an action such as Plaintiff attempts to maintain herein. The third allegation is a bare statement that to permit this action to be prosecuted by the corporate directors would place the institution of the action in hostile hands. Again this allegation is a mere conclusion and would generally apply to all derivative actions. The fourth allegation states that to require Plaintiff to make demand of all shareholders would constitute an unconscionable financial burden. This allegation is also a mere conclusion and further is irrelevant as to why a demand was not made on the directors. The fifth allegation contained in the Complaint states as follows:

> "The institution of this action and the management of the corporate affairs of Phillips belong with the Board of Directors of Phillips and not the shareholders."

Said allegation is also a mere conclusion. It also appears to be inconsistent with Plaintiff's position that he as a shareholder need not make demand on the directors to institute the instant action. The last allegation is a statement that the wrongs complained of could only be approved by the unanimous acts of all shareholders. This statement does not tend to indicate any reason why a demand was not made on the directors to institute an action to recover the allegedly wasted corporate assets. An examination of the Complaint as a whole fails to disclose facts which would excuse demand on the directors of Phillips in this case.

Moreover, in the evidentiary hearing conducted by this Court on the Motions under consideration it was disclosed that prior to the filing of the instant case certain of the individual Defendants herein had entered into settlement agreements with Phillips in regard to their personal liability to the corporation which might exist as a result of the acts complained of by Plaintiff in the instant case. This indicates that the Phillips Board of Directors had already taken action on the very matter which Plaintiff herein asserts they would not take action upon. This constitutes evidence that such a demand by Plaintiff would not only not have been futile, but Plaintiff would have been advised that his demand was belated as action had already been taken by the Phillips Board of Directors.

The Court finds that Plaintiff has failed to comply with the provisions of Rule 23.1, *supra,* in that he has not alleged with particularity his reasons for not making an effort to obtain the action he desires from the Phillips Board of Directors. Moreover, the Court finds that the Phillips Board had already taken action on the complaints raised by Plaintiff in this action and had not "failed to enforce a right which may be asserted by it." In these circumstances a derivative action under Rule 23.1, Federal Rules of Civil Procedure is inappropriate. The Motions under consideration should be granted and the Complaint should be dismissed for failure to state a cause of action.