**JOHNSON v. INGERSOLL et al.**

No. 4778.

Circuit Court of Appeals, Seventh Circuit.

Feb. 3, 1933.

W. J. MacDonald and T. S. Morgan, both of East St. Louis, Ill., for appellant.

Virgil M. Jacoby, of Alton, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge.

The motion to dismiss was based solely on the ground that the amount in controversy was not sufficient to confer jurisdiction on the federal court. No question was raised as to the sufficiency of the allegations of the bill to sustain the prayer for equitable relief. And, aside from the allegations as to the requirements of Equity Rule 27 (28 USCA § 723),[1] the bill, if not denied, is sufficient to sustain the injunction.

■ If objection had been made to the generality of the allegations relating to compliance with Equity Rule 27 and the bill had been dismissed on that ground, that defect might have been cured by amendment. The objections, therefore, which conceivably might have been made to the averments intended to show compliance with Equity Rule 27, are not before us on review of the decree dismissing for want of federal jurisdiction. United Copper Securities Co. v. Amalgamated Copper Co., 244 U. S. 261, 263, 264, 37 S. Ct. 509, 61 L. Ed. 1119; Quincy v. Steel, 120 U. S. 241, 246, et seq., 7 S. Ct. 520, 30 L. Ed. 624; Hawes v. Oakland, 104 U. S. 450, 461, 26 L. Ed. 827; Stone v. Holly Hill Fruit

Products (C. C. A.) 56 F.(2d) 553, 554; Watts v. Vanderbilt (C. C. A.) 45 F.(2d) 968, 969. Nor do we consider the question of the re-alignment of the parties when Equity Rule 27 is not complied with. Gage v. Riverside Trust Co. (C. C.) 156 F. 1002, 1007; Elkins v. City of Chicago (C. C.) 119 F. 957.

■■ The motion to dismiss presented the question of federal jurisdiction only, and the ruling of the District Court was limited to that ground. We think that the objection to the federal jurisdiction is not well taken. It mistakes the true purpose of the bill, which is not the assertion of plaintiff's private rights but rather those of the company in which he has an interest. When suit is necessary to enforce corporate rights, the general rule is that such suit must be brought by the corporate management in the name of the corporation. Individual shareholders ordinarily are not the proper parties to sue or defend on behalf of corporate interests. It is, however, well settled that if the corporate management refuses or fails to enforce corporate rights and an irreparable injury to corporate interests is threatened, a stockholder, in a case where the corporation would be entitled to an injunction, may bring suit on behalf of himself and others who may unite to enjoin the threatened injury. As a condition to such suit, plaintiff must show that the steps required by Equity Rule 27 have been taken, or by appropriate averments must show the futility of such efforts.

■ It is the duty of the corporate management to protect the interests of all stockholders. When, therefore, the corporate management fails in its duty after the stockholder has met the requirements of Equity Rule 27, the stockholder may institute a suit for that purpose, making the corporation a defendant. In such case, it is not necessary for the shareholder to show that his private interest or damage, actual or threatened, amounts to the sum which is required to give the federal courts jurisdiction. That jurisdiction is tested by the value of the object sought to be gained by the suit. Fidler v. Roberts (C. C. A.) 41 F.(2d) 305, 306; Troy Bank v. G. A. Whitehead & Co., 222 U. S. 39, 32 S. Ct. 9, 56 L. Ed. 81; Swan Island Club, Inc., v. Ansell (C. C. A.) 51 F.(2d) 337; Haynes v. Fraternal Aid Union (D. C.) 34 F.(2d) 305, 307. See, also, Hutchinson Box Board & Paper Co. v. Van Horn (C. C. A.) 299 F. 424, 428; Larabee v. Dolley (C. C.) 175 F. 365, 378; Greenwood v. Union Freight R. Co., 105 U. S. 13, 16, 26 L. Ed. 961; Hawes

[1] Rule 27. Stockholder's Bill.—Every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort.

v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Harvey v. American Coal Co. (C. C. A.) 50 F.(2d) 832; Clay v. Field, 138 U. S. 464, 479, 11 S. Ct. 419, 34 L. Ed. 1044; Wheless v. St. Louis et al., 180 U. S. 379, 382, 21 S. Ct. 402, 45 L. Ed. 583; Cyc. of Federal Procedure, §§ 61, 62.

This case, in our opinion, is to be distinguished from Robbins et al. v. Western Automobile Insurance Co. (C. C. A.) 4 F.(2d) 249, 250; Illinois Bankers' Life Association v. Stratton et al. (C. C. A.) 14 F.(2d) 951; Eberhard v. Northwestern Mutual Life Insurance Co. (C. C. A.) 241 F. 353, 355; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 67 L. Ed. 871, and kindred cases, in which it was held that the direct and primary purpose of the suit was to protect the separate and distinct interest of the plaintiff.

The decree is reversed, and the cause remanded to the District Court for further proceedings.

Reversed.