**LONG et al. v. STITES et al.***

No. 7042.

Circuit Court of Appeals, Sixth Circuit.

Feb. 10, 1937.

*Writ of certiorari denied 57 S.Ct. 939, 81 L.Ed. —.

Greenberry Simmons, of Louisville, Ky., for appellants.

Squire R. Ogden and E. A. Dodd, both of Louisville, Ky. (Robert G. Gordon and Squire R. Ogden, both of Louisville, Ky., on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from an order dismissing a minority stockholder's bill against The Louisville Trust Company and its former and present directors, upon the ground of non-compliance with Equity Rule 27 (28 U. S.C.A. following section 723). The sole question is whether appellants in instituting their action have averred facts which set forth with particularity their efforts to secure such action as they desire on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of their failure to obtain such action, or the reasons for not making such effort.

Under a trust agreement dated April 22, 1927, appellants became holders of trustees' participation certificates which represented a beneficial ownership in the capital stock of The Louisville Trust Company. They complain of certain alleged illegal investments made by the Trust Company, which closed its doors on November 16, 1929, and went into receivership. Reorganization proceedings were instituted in 1931, and the plan was approved by the court and consummated. The Trust Company was re-opened and a new board of directors was elected. None of the present directors were directors of the company prior to the receivership. Appellants' bill sets up a derivative cause of action for the benefit of the corporation, and prays for an accounting and other equitable relief against the directors of the original Trust Company upon the ground that they permitted the alleged illegal investments to be made, and also joins as defendants the directors of the re-organized Trust Company upon the ground that they failed and refused to sue the old directors in order to compel them to account for their alleged mismanagement.

Appellants filed their amended and substituted bill on June 15, 1934, alleging compliance with Equity Rule 27 in the following terms:

"6. Plaintiffs aver that a demand was made upon the new directors on January 25, 1934, to sue the old directors for the hereinafter set out acts of omission and commission. That, upon that date, they refused to sue as demanded. That on the 19th day of February, 1934, a registered letter was sent to the president and director explaining said demand and refusal. * * * That the plaintiffs are so-called minority stockholders and could not obtain relief through stockholders' meetings."

Appellees filed a motion to require appellants to amend paragraph 6 so as specifically to state the manner in which the alleged demand upon the new directors was made, and this motion was granted. Counsel for appellants in open court refused to comply with the court's order, and thereupon the cause of action was dismissed. Later, and within the time allowed for amending paragraph 6, appellants moved for permission to amend paragraph 7 of

the bill to show that "it was a vain and useless act to demand of them [the present directors] again something which they had already considered and declined to do." The amendment to proffered paragraph 7 reiterated that demand had been made upon the president, and stated that he represented that the present directors had previously considered suing the former directors and had declined so to do. Appellants further alleged upon information and belief that records of the Trust Company would show that the new directors, meeting as a board, previous to the demand had considered bringing suit and had decided against taking action. The court overruled the motion and refused to allow the amendment to be filed. Appellants assign this refusal as error.

Even if the court had permitted the filing of the amendment to paragraph 7 as requested, the bill would not have complied with Equity Rule 27. The allegations of paragraph 6 as to the demand made upon the new directors are insufficient because they fail to relate with particularity the facts of the alleged demand and refusal. While appellants aver that they could obtain no relief from stockholders' meetings, nowhere do they allege that the matter was presented to the stockholders for action. The amplified reasons alleged in the proffered amendment to paragraph 7 for making no demand upon the directors do not dispense with an effort to secure action by the stockholders. The letter sent by counsel for appellants on February 19, 1934, to the president of the Trust Company, referred to in the bill, stating that demand had been made on such president, is a purely self-serving declaration and adds no support to appellants' cause. Equity Rule 27 requires that demand be made not upon an officer or an individual director, but upon the directors or stockholders as a prerequisite to bringing suit.

█ In addition, it is the spirit of the rule as repeatedly interpreted in federal decisions that stockholders bringing a derivative action shall exhaust every remedy within the corporation before suing the directors on causes of action which in the first instance should be asserted by the corporation. Quincy v. Steel, 120 U.S. 241, 7 S.Ct. 520, 30 L.Ed. 624; Wathen v. Jackson Oil & Refining Co., 235 U.S. 635, 35 S.Ct. 225, 59 L.Ed. 395; Stone v. Holly Hill Fruit Products, Inc., 56 F.(2d) 553 (C.C.A. 5). Cf. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 317, 56 S.Ct. 466,

80 L.Ed. 688. While the record does not show the precise period of the receivership, The Trust Company, for a considerable time was administered by a receiver, whose appointment was a matter of public record. The bill sets forth no demand made upon the receiver to sue the old directors during the period of the receivership, although obviously the receiver was the proper party to have attacked the illegal acts, if any, performed by the old directors. Cf. Klein v. Peter, 286 F. 362 (C.C.A.9). The prerequisites for bringing a derivative action under Equity Rule 27 are laid down in the leading case of Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827. The court, at page 460 of 104 U.S., 26 L.Ed. 827, states: "* * * he [the plaintiff] should show, to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it.

"The efforts to induce such action * * * should be stated with particularity."

In that case, as here, no reason was given why the directors declined to act, and there was no allegation that an effort had been made to ascertain the opinion of the stockholders or to obtain action from them. It was held that such omissions are fatal to the bill. In the Hawes Case it was positively averred that the directors had been requested to take action.

█ We bear in mind the recent decision of the Supreme Court that where an action complained of is illegal, as is averred in the instant case, it is not necessary that fraud be alleged in the derivative action. Ashwander v. Tennessee Valley Authority, supra. We also have considered the declaration in Ross v. Quinnesec Iron Mining Co., 227 F. 337 (C.C.A.6), that the requirements of Equity Rule 27 are met in showing the futility of any request to either stockholders or directors. Futility was there shown by the fact that the directors

were in complete control of the corporation and were the direct beneficiaries of the contract involved. While in the instant case the pleadings aver that the directors are antagonistic to the requested action, this case is clearly distinguished by the fact that there is no allegation that the directors are personally interested in the outcome of the controversy over the alleged illegal investments. The instant bill sets up no domination of the board of directors or of the stockholders by those whose personal interests are adverse to the relief sought, so as to make it evidently futile to expect fair consideration within the corporation, as there was in Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606; Delaware & Hudson Co. v. Albany & Susquehanna R. Co., 213 U.S. 435, 29 S.Ct. 540, 53 L.Ed. 862, and Ross v. Quinnesec Iron Mining Co., supra. Appellants made no complaint to nor demand of the former directors. In a bill which shows no complaint to or demand upon the stockholders, they substantiate their allegation of demand upon the directors by showing that they have made demand upon the president only. Such failure to exhaust the remedies within the corporation justified the District Court in dismissal of the bill. Watts v. Vanderbilt, 45 F.(2d) 968 (C.C.A.2).

The order of the District Court is affirmed.