LUCKING et al. v. DELANO, Comptroller of the Currency, et al.

No. 8585.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1941.

William Alfred Lucking, of Detroit, Mich. (Laurence M. Sprague, George E. Leonard, Jr., and Lucking, Van Auken & Sprague, all of Detroit, Mich., on the brief), for appellants.

Frank E. Wood, of Cincinnati, Ohio, and William B. Cudlip, of Detroit, Mich., for appellees.

A. E. Power, of Detroit, Mich. (Carlos J. Jolly, A. E. Power, and R. O. Thomas, all of Detroit, Mich., on the brief), for General Motors Corporation.

Frank E. Wood and Robert S. Marx, both of Cincinnati, Ohio, and Carl Runge and Frank M. Wiseman, both of Detroit, Mich., on the brief for B. C. Schram, Receiver of First Nat. Bank-Detroit and First Nat. Bank-Detroit.

Harry C. Bulkley, William B. Cudlip, T. Donald Wade, Ellis B. Merry, and Bulkley, Ledyard, Dickinson & Wright, all of Detroit, Mich., on the brief for National Bank of Detroit.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

Appellants filed a class action on behalf of themselves and all general creditors, de-

positors and stockholders of First National Bank-Detroit, an insolvent national bank, for the purpose of attacking as invalid a sale, made after insolvency, of a portion of the bank's assets to the National Bank of Detroit, newly organized for that purpose. The District Court granted appellees' motion to dismiss the complaint on the ground that appellants are without capacity to bring or maintain the action.

■ At the time of filing the complaint, the insolvent bank was in receivership; therefore any cause of action on behalf of creditors and stockholders would normally be instituted by the receiver. Demand upon the receiver to bring the suit is a prerequisite to the right to maintain the action. Long v. Stites, 6 Cir., 88 F.2d 554.

■■ Rule 23 (b) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in setting forth the prerequisites of a derivative class action, provides: "The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees [the receiver in the instant case] and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." Appellants' effort to comply with this prerequisite consists merely of allegations to the effect that any demand upon the receiver to institute and maintain the causes of action set forth in the complaint "would be entirely useless and futile, under the circumstances." There is no averment of facts indicating any personal interest on the part of the receiver, and no facts are set forth explaining why the demand would be futile. Appellants further allege that appellees "never have intended and do not now intend to, and will not in the future, commence and prosecute any action to redress and rectify said wrongs," and pray that the complaint be treated as a formal demand and request upon the receiver. It appears, therefore, that no demand was made. Obviously the filing of the complaint cannot be regarded as a demand to sue, for by starting the action appellants have usurped the field. A bare allegation of the futility of such a demand is not sufficient without allegations of fact showing how and why the demand would be futile. Appellants, in bringing a class action, must exhaust every remedy within the corporation before suing on causes of action which in the first instance should be asserted by the receiver. Long

v. Stites, supra; Wales v. Jacobs, 6 Cir., 104 F.2d 264. Since the appellants have not done this, they are without capacity to maintain the action.

The order is affirmed.