LUCKING et al. v. DELANO, Comptroller of Currency, et al.

No. 9049.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1942.

Lucking, VanAuken & Sprague, of Detroit, Mich., for appellants.

Frank E. Wood, of Cincinnati, Ohio (Robert S. Marx, of Cincinnati, Ohio, Carl Runge and Frank Wiseman, both of Detroit, Mich., and Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, on the brief), for appellee Schram and another.

Harry C. Bulkley, William B. Cudlip, T. Donald Wade, Ellis B. Merry, and Bulkley, Dickinson, Wright & Davis, all of Detroit, Mich., on the brief, for appellee National Bank of Detroit.

Henry M. Hogan and A. F. Power, both of New York City, and R. O. Thomas, of Detroit, Mich., on the brief, for appellee General Motors Corporation.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

In a previous opinion which considered a similar complaint filed by the present appellants, this court affirmed an order of dismissal on the ground that appellants were without capacity to maintain a class action on behalf of the stockholders or creditors of the national bank involved.

We held that appellants had failed to meet the requirement of exhausting "every remedy within the corporation before suing on causes of action which in the first instance should be asserted by the receiver." Lucking v. Delano, 6 Cir., 117 F.2d 159, 160.

The complaint in the instant case, which is here on appeal from an order of dismissal on the same ground, consists for the most part of averments substantially identical with those of the previous complaint, but includes a new allegation to the effect that appellants have made a written demand upon appellees, the Comptroller of the Currency, the receiver of First National Bank-Detroit, and First National Bank-Detroit, to start and prosecute an action for the relief sought in the complaint formerly dismissed. The only other material addition bearing on the issue of capacity to sue is the statement that the receiver, the Comptroller and the bank have continued until the filing of the complaint in this cause "in their refusal and neglect to bring and prosecute this action" against the National Bank of Detroit and General Motors Corporation. The receiver and the other appellees who were joined as defendants in the District Court filed motions to dismiss the action upon the ground, among others, that the appellants are without capacity to sue, since the complaint does not allege either a refusal by the receiver to sue or any unreasonable refusal. To his motion the receiver attached an affidavit which incorporated by reference a letter dated January 29, 1940, written to the appellants by the receiver, which assured appellants of the receiver's willingness to bring "whatever suits are proper for the recovery of assets belonging to First National Bank-Detroit, or for the recovery of damages inflicted upon said bank, whenever the facts and the law justify it." The receiver continued: "I do not at this time refuse to bring the suggested suit against National Bank of Detroit and General Motors Corporation. * * * I am perfectly willing to do so if the facts are available, sufficient in law, to justify the bringing of such a suit. You do not state such facts. * * *"

The receiver's letter expressed difficulty in understanding the precise nature of the causes of action which the former complaint attempted to state and asked a number of fair and specific questions relative thereto. It summarized the proposed suit as being one to rescind, on the ground of fraud, and lack of authority for its execution, a contract made by the conservator of First National Bank-Detroit in April, 1933, whereby $105,000,000 of assets were sold to the National Bank of Detroit for that amount. The letter cited the statute and cases in support of the receiver's tentative position that the conservator had ample power to effect a valid sale in the manner which was pursued and comment thereon was invited. The receiver's attempt to induce the appellants to furnish more definite information and a more specific statement as to the ground of fraud is shown by the following excerpt:

" * * * you charge that the 'entire transaction and sale' was a 'fraudulent subterfuge and device, manufactured and put together' to bring about the transfer of the First National 'good will and rights of a going business worth at least $25,000,000' 'without paying therefor any consideration.' This apparently indicates an intent to charge a fraudulent conspiracy. Who are the guilty individuals? If we make such a charge against them how can it be proved in court? Do you know of any witnesses who will, under oath, substantiate such a charge? Do you know of any documents tending to prove such facts?"

The affidavit asserted that appellants had made no response to this letter up to October 11, 1940. The complaint had been filed on June 25, 1940.

█ Appellants contended in the District Court that it was not proper to consider this affidavit in connection with the motion to dismiss. The orderly administration of justice was clearly served by full inquiry into the question of appellants' capacity to sue before examination of the merits. We think all available evidence which bore on such preliminary question, including the affidavit, was a proper subject of examination. Cf. Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 92, 93; Rule 43(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87.

█ Considering the complaint independently, however, we think that the order of dismissal is clearly correct. The complaint does not make the averments necessary to enable a stockholder to sue on behalf of the corporation. The rule

that one who seeks to maintain a derivative action must exhaust every remedy within the corporation before suing on causes of action which in the first instance should be asserted by the corporation is based upon sound reason and has been repeatedly reaffirmed. Long v. Stites, 6 Cir., 88 F.2d 554 certiorari denied 301 U.S. 706, 57 S.Ct. 939, 81 L.Ed. 1360; Wales v. Jacobs, 6 Cir., 104 F.2d 264, 267, certiorari denied 308 U.S. 599, 60 S.Ct. 130, 84 L.Ed. 501; Lucking v. Delano, supra. When a corporation is in receivership the demand must be made upon the receiver, and the party seeking to avail himself of the derivative action must "make an earnest, not a simulated effort to induce remedial action. The efforts to induce such action * * * should be stated with particularity." Hawes v. Oakland, 104 U.S. 450, 461, 26 L.Ed. 827. This rule was carried over into Equity Rule 27, and is again declared in Rule 23(b) of Federal Rules of Civil Procedure. The complaint, apart from alleging a single demand, does not show that earnest efforts have been made to induce action on the part of the receiver. The uncontroverted fact that the appellants failed to answer the receiver's letter indicates that an earnest effort was not made. The complaint avers no fact justifying the conclusion that such efforts were made and does not set forth the cause of the failure to obtain the action desired. In fact the complaint is an aggregation of general conclusions. Upon the point of the receiver's refusal to sue it simply alleges that he had failed and refused to bring the action. This is not sufficient. Quincy v. Steel, 120 U.S. 241, 246, 247, 7 S.Ct. 520, 30 L.Ed. 624. Here, as there, the record shows only a single effort on the part of the appellants to induce the receiver to sue. If communications in writing other than the written demand above mentioned were addressed to the receiver they are not produced, nor does the complaint detail any efforts at conferences with the receiver upon this subject, in order to induce him to bring a suit. Under settled law, the District Court was compelled to sustain the motion to dismiss.

■ Appellants urge, however, that the ground of dismissal is at best technical that the effect of the motion to dismiss is to admit the truth of the allegations of the petition, and therefore they are entitled to be heard upon the merits in a case charging fraudulent appropriation of assets and praying for damages in the amount of twenty-five million dollars. It suffices to say that the motion to dismiss admits the truth only of allegations that are well pleaded. Equitable Life Assurance Society v. Brown, 213 U.S. 25, 43, 29 S.Ct. 404, 53 L.Ed. 682; Southern Ry. Co. v. King, 217 U.S. 524, 536, 30 S.Ct. 594, 54 L.Ed. 868; Pierce Oil Corp. v. Hope, 248 U.S. 498, 500, 39 S.Ct. 172, 63 L.Ed. 381; Missouri Pacific R. Co. v. Norwood, 283 U.S. 249, 254, 51 S.Ct. 458, 75 L.Ed. 1010. Here the allegations consist of a mass of vague conclusions, inferences and innuendoes, without specific charges as to the manner in which or the particular persons by whom the alleged fraudulent acts were done.

■ Appellants complain that the receiver has not "voluntarily" opened his books and records for their examination, and we have considered the possibility that a basis had been laid for an order of discovery directed to the receiver. Careful examination of the appellants' complaint, however, fails to disclose any allegation to show that the receiver was guilty of improper action in that connection or that he would deny appellants access to pertinent records under appropriate safeguards to insure a minimum of interference with the successful conduct of the receivership. We regard such omission as fatal. Cf. Wittnebel v. Loughman, 2 Cir., 80 F.2d 222.

■ The fact that the receiver has possession of the books of the bank does not justify appellants' failure to respond to the very pertinent questions which the receiver asks as to what particular persons are accused of fraud, and by what means the fraud was accomplished. The receiver, while a trustee for stockholders and creditors, is not compelled to search through the vast ramifications of the failure of several large Michigan banks in order to substantiate wholly tenuous and inarticulate claims.

The order is affirmed.