WRIGHT et al. v. THE PRAETORIANS et al.

No. 11184.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1945.

Van Zandt Smith, of Ft. Worth, Tex., for appellants.

James F. Gray and Philip L. Kelton, both of Dallas, Tex., and William E. Allen, of Fort Worth, Tex., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Harper Wright and others, citizens of Oklahoma, brought suit against The Praetorians, a fraternal benefit society, its officers and designated directors. The plaintiffs are each members and policyholders of the society which they sue. The sworn petition alleges that as a result of the fraud and mismanagement of those in charge of the Society its policyholders suffered a loss and damage in excess of $1,000,000. The appointment of a receiver and injunctive relief is sought.

The Praetorians is a fraternal benefit society, incorporated under the laws of Texas. It was organized in 1898, does business in ten States, and has sixty officers and employees working in its home office in Dallas, Tex. It has twenty-seven district offices with agents, and one hundred thirty-four officials in local lodges throughout these States who write insurance on commission. Over fifty thousand members carry insurance in the Society, and its annual dues amount to more than $1,000,000.

Originally there were eleven plaintiffs, but only two appear on appeal.

Motions to abate, to strike, and to dismiss the petition were filed or adopted by each of the defendants. The court sustained all the motions except the one as to venue and thereupon dismissed the petition.

The following excerpts taken from the prayer of the petition informs fully just what the plaintiffs seek in this suit: " * * * plaintiffs pray that the defendants be cited to appear and answer this petition, and that upon a final hearing hereof joint and several judgment be rendered against all individual defendants herein in the sum of $1,165,978.48; and for such additional amounts as may be found on trial to be due them; that a receiver be appointed to exclusively operate, manage and control all corporate operations and all properties within the limits of the State of Texas; that said receiver be vested with the exclusive corporation franchise of said corporation, to be operated by him and him alone, under the orders of this Court, except for such agents, attorneys and employees as he may, in keeping with this Court's orders, appoint and designate, with sole and exclusive power in said receiver to institute, prosecute, defend and compromise, and file all answers and consents, in all causes of action, suits, and other legal proceedings in the Courts of Texas, both state and federal; all subject to the orders of this Court; that the defendants, Tom L. McCullough, John N. Harris, John W. Payne, J. W. Randall, J. M. Motley, B. S. Horton, R. E. Tarpley, J. W. Puckett, as directors of said corporation, and the defendants Tom L. McCollough, John N. Harris, John W. Payne, J. W. Randall and W. L. McNeny, as the Society's officers and executive committee, and all other agents and employees, be divested of all powers and authorities to file, prosecute or defend, or to make answer, default or consent, to any action or suit involving the defendant Society, the Praetorians, and that said defendants, * * * in every capacity whatsoever, be enjoined and restrained from calling any corporate meeting whatsoever, whether for the purpose of electing a new board of directors, and for any other purpose, and that said defendants be enjoined from in any way disturbing the possession, custody, management and control of said receiver, and that they be ordered, individually, as the board of directors, as officers, and as its executive committee, and as agents and employees of said defendant Society, to deliver to said receiver any and all properties, of every kind and character whatsoever, within the confines of the State of Texas; that said defendants, individually, as directors, as officers, and as the executive committee and as agents and employees of the defendant Society, be restrained and enjoined from making closing and consummating any agreement having for its purpose the sale, transfer or conveyance of its assets to any person, corporation or concern, or a merger of the properties of the defendant, The Praetorians, with those of any person, corporation, or concern, and that they, in similar capacities be enjoined from attempting to fix any charge and lien upon any of said defendant Society's policies, and from consummating, negotiating, selling, or in any way acting or attempting to do anything whereby the assets in whole or in part, of The Praetorians will be transferred, assigned, conveyed, underwritten, or alienated, to any person, corporation, or concern whatsoever; that said receiver be directed to

have a full and complete audit of the corporate books and records made, extending over such period of time as to him should seem meet and proper; * * * that a temporary restraining order be entered on presentation of this petition, directing and instructing defendant The Praetorians, its officers, directors, agents and representatives, not to pay out any funds, and not to negotiate, sell, reinsure, reissue, transfer, assign or convey, to any person, corporation or concern whatsoever, any policies or assets belonging to said defendant Society; * * *."

The State of Texas has set up an elaborate system of laws covering all insurance companies operating in that State, including fraternal benefit societies organized in and out of the State. They are dealt with under Title 78, of the Revised Statutes of Texas, beginning with Article 4679, and concluding with Article 5068, Vernon's Ann.Civ.St.Tex. Arts. 4679 to 5068a. Article 4682 deals with the duties of the Commissioner of Insurance, and it becomes his duty to see that all laws respecting insurance companies are faithfully executed. The public policy of Texas is declared in Article 4691.

The two Texas statutes which are important in arriving at a decision here are as follows:

"Art. 4852. Examination of domestic societies. The Commissioner or any person he may appoint, shall have the power of visitation and examination into the affairs of any domestic society. He may employ assistants for the purpose of such examination, and he, or any person he may appoint, shall have free access to all the books, papers and documents that relate to the business of the society, and may summon and qualify as witnesses under oath and examine its officers, agents and employés, or other persons in relation to the affairs, transactions and conditions of the society. The expense of such examination shall be paid by the society examined, upon statement furnished by the Commissioner, and the examination shall be made at least once in three years. Whenever after examination the Commissioner is satisfied that any domestic society has failed to comply with any provisions of this chapter, or is exceeding its powers, or is not carrying out its contracts in good faith, or is transacting business fraudulently; or whenever any domestic society, after the existence of one year or more, shall have a membership of less than four hundred, or shall determine to discontinue business, said Commissioner may present the facts relating thereto to the Attorney General, who shall, if he deem the circumstances warrant commence an action in quo warranto in a court of competent jurisdiction, and if it shall then appear upon the trial that such society should be closed, said society shall be enjoined from carrying on any further business and some person shall be appointed receiver of such society and shall proceed at once to take possession of the books, papers, moneys and other assets of the society, and shall forthwith, under the direction of the court, proceed to close the affairs of the society, and to distribute its funds to those entitled thereto. No such proceedings shall be commenced by the Attorney General against any such society until after notice has been duly served on the chief executive officers of the society and a reasonable opportunity given to it, on a date named in said notice, to show cause why such proceeding shall not be commenced.

"Art. 4853. Application for receiver, etc. No application for injunction against or proceedings for the dissolution of or the appointment of a receiver for any such domestic society or branch thereof shall be entertained by any court in the State unless the same is made by the Attorney General."

■ It may be that mismanagement and irregularities have occurred in the society as charged in the bill, but nowhere is it shown that plaintiffs have called upon or appealed to the governing body of The Praetorians and laid before it the charges here complained of. The Texas statute, Article 4822, requires that societies like this have a supreme governing body elected by the members, which shall meet at least every four years. The present petition refers to this body as not having met in almost four years, so that its next meeting was imminent, but instead of appealing to it for remedy against unfaithfulness of its officers, the petitioners pray that it be enjoined from meeting for the purpose of electing other officers, or for any other purpose whatsoever.

It is further without dispute that the plaintiffs have not appealed to the Commissioner of Insurance of the State of Texas, whose bounden duty it was to hear and act upon complaints touching insurance such as The Praetorians.

■ It is the trend of judicial decision that where irregularities and mismanage-

ment are charged, as here, to leave such investigations, corrections and supervision to State authority where the State has enacted adequate laws for such purpose. Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Lawrence Print Works v. Lynch, 1 Cir., 146 F.2d 996; Skirvin v. Mesta, 10 Cir., 141 F.2d 668; Amos v. Trust Co. of Florida, 5 Cir., 54 F.2d 286.

Aside from the mandate of the Texas statute, we are influenced by and will follow Rule 23(b) of the Rules of Civil Procedure of District Courts, which signboards the course to be followed by those seeking such redress as is sought by the bill here, and which plaintiffs have signally failed to do. Rule 23(b) Rules of Civil Procedure of District Courts, Title 28, Following 723c, U.S.C.A.; Lucking v. Delano, 6 Cir., 129 F.2d 283; Amos v. Trust Co. of Florida, 5 Cir., 54 F.2d 286; Bank of Biscayne Bay v. Hankins, 5 Cir., 42 F.2d 209.

The decree of the District Court is affirmed.