James E. WOMBLE, et al., Plaintiffs,

v.

J.R. DIXON, III, et al., Defendants.

Civ. A. No. 83–246–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 29, 1983.

Hugh A. West, Suffolk, Va., and I. Walton Bader, White Plains, N.Y., for plaintiffs-appellants.

McGuire, Woods & Battle, Richmond, Va. and J. Lewis Rawls, Jr., Suffolk, Va., for J.R. Dixon, III.

Seawell, Dalton, Hughes & Timms, Norfolk, Va., for William M. Fulgham, G.R. Joyner, Jr., G. Hinson Parker, Jr., Henry L. Gardner, Jr., Durrell V. Mills, Jack W. Nurney, Jr., and John C. Harr, III.

Weinberg & Stein, Norfolk, Va., for M.W. Staylor, Jr.

William D. Bayliss, Richmond, Va., and C. Michael Montgomery, Norfolk, Va., for G. Hinson Parker, Jr.

Joseph L. Lyle, Jr., Virginia Beach, Va., for D. Bart Frye.

Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for Diamond Farms.

Kaufman & Canoles, Norfolk, Va., and Vartanian, Christy, Berkow, Simon & Grace, Washington, D.C., for Federal Home Loan Bank Bd. and Federal Sav. and Loan Ins. Corp.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Irvin A. Garner.

Hofheimer, Nusbaum, McPhaul & Brenner, Norfolk, Va. and Fossett & Brugger, Seabrook, Md., for Stephen P. Kisska.

Louis T. Urbanczyk, Baileys Crossroads, Va., and Lester M. Bridgeman, Washington, D.C., for Lykes M. Boykin.

## ORDER

DOUMAR, District Judge.

This matter arises on various motions filed by both the plaintiffs and defendants. The primary issue raised is whether the plaintiffs, stockholders of the First Savings and Loan Association of Suffolk ("First Savings"), have standing in this shareholder derivative action to assert claims against the former officers and directors of the now defunct savings and loan association, the Federal Savings and Loan Insurance Corporation ("FSLIC"), the Federal Home Loan Bank Board ("FHLBB"), and other third parties who allegedly engaged in a conspiracy to defraud First Savings. For the reasons stated below, this Court finds that the plaintiffs lack standing and GRANTS the defendants' motions to dismiss.

On August 6, 1982, First Savings was ordered closed by the State Corporation Commission for the Commonwealth of Virginia. The FHLBB, acting pursuant to 12 U.S.C. § 1729, appointed the FSLIC as receiver who immediately transferred First Savings' assets to Citizens Savings and Loan in Richmond, Virginia. Citizens subsequently transferred First Savings' claims that are the subject of this action to the FSLIC in its corporate capacity, as opposed to its prior capacity as receiver.

The majority shareholders of First Savings filed a motion for judgment in the Circuit Court for the City of Suffolk on September 10, 1982, asserting that they had suffered a "direct" injury due to the actions of the officers, directors and other third parties named in the present suit. Circuit Court Judge Armistead on December 7, 1982, ruled that the plaintiffs could not assert a direct cause of action and that no derivative claim could be maintained until the shareholders had demanded unsuccessfully that the FSLIC, who possessed the right to sue on behalf of the defunct association, institute a suit for any harm inflicted on First Savings. The plaintiffs accordingly sent three demand letters to the FSLIC on September 9, 1982, October 8, 1982, and December 2, 1982. Although these letters were addressed alternatively to the FSLIC in its receiver capacity, the FHLBB, and the FSLIC in its corporate capacity, undoubtedly, the FSLIC had adequate notice of the plaintiff's demands; however, the demands were limited exclusively to a request that the FSLIC file suit against the former officers and directors of First Savings only. On February 14, 1983, the FSLIC acting in its corporate capacity as an assignee of the pertinent claims of First Savings, filed suit in this Court naming all the officers and directors of First Savings as defendants, with the exception of Irvin A. Garner. *FSLIC v. Dixon, et al*, Civil Action No. 83–116–N.

The plaintiffs amended their motion for judgment on February 15, 1983. The amended complaint, now called an equitable Bill of Complaint, includes two counts. Count One seeks derivative relief by the stockholders on behalf of the corporation. Count Two seeks an injunction to remove the FSLIC as receiver due to an asserted conflict of interest. The governmental defendants, the FSLIC and the FHLBB, removed the action to federal court by a petition filed on March 31, 1983.

The matter is now before this Court on various motions filed by all parties. The defendants have moved for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure. The governmental defendants have moved to strike various pleadings filed by plaintiff's New York counsel which were not endorsed by local counsel pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7. Defendant, Stephen P. Kisska, has made a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Lastly, the plaintiffs have requested that this action be

consolidated with the similar suit filed by the FSLIC pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

■ Initially, this Court will consider the governmental defendants' motion to strike plaintiffs' pleadings not endorsed by local counsel. A court may strike any pleading that contains an "insufficient defense, or any redundant, immaterial, impertinent or scandalous matter." Rule 12(f) Fed.R. Civ.P. Local Rule 7(F) requires that all counsel presenting papers or pleadings for filing either must be members of the bar of this Court or must have counsel who are members of the bar of this Court endorse the pleadings. Although the documents in question were signed only by plaintiff's New York counsel at the time they were presented initially to the Clerk of this Court, all the pleadings were signed subsequently by local counsel. Therefore, the Court finds that the plaintiff technically complied with the Local Rules, admittedly in a somewhat belated fashion, and hereby DENIES defendant's motion to strike as to the plaintiff's motion to consolidate and the supporting memorandum submitted.

Additionally, the defendants contend that two affirmations submitted by the plaintiff's New York counsel must be stricken because they are in reality affidavits containing conclusions of law and are not based on the personal knowledge of the affiant as required in Rule 56(e) of the Federal Rules of Civil Procedure. In reviewing these affirmations, this Court finds that the documents in effect assert legal arguments and clearly are not based on the affiant's personal knowledge. Accordingly, defendant's motion to strike is GRANTED as to the two affirmations filed on April 29, 1983, and are ORDERED stricken.

This Court will turn its attention now to the primary issue raised in the various motions to dismiss—whether the plaintiffs, as shareholders, have standing to assert a derivative claim on behalf of First Savings as stated in Count One of the Bill of Complaint. The other reasons asserted for dismissal by the defendants need not be re-solved by this Court because of our finding that the plaintiffs do indeed lack standing.

■ In a derivative action brought by one or more shareholders to enforce a right of a corporation or unincorporated association, the plaintiff must establish that the corporation or unincorporated association failed to enforce a right which it properly could have asserted. Rule 23.1 Fed.R. Civ.P. A derivative action is not precluded simply because a bank, or a savings and loan association, is placed in receivership; however, any demand to bring suit on the savings and loan association's behalf must be made upon the receiver or agency possessing the right to assert the association's claims. *Federal Deposit Insurance Corp. v. American Bank Trust Shares, Inc.*, 558 F.2d 711 (4th Cir.1977); *Landy v. Federal Deposit Insurance Corp.*, 486 F.2d 139, 147 (3d Cir.1973) *cert. denied,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974).

■ Here, the plaintiffs clearly demanded that the FSLIC sue the officers and directors of First Savings on the association's behalf. The FSLIC complied with this demand by filing Civil Action No. 83–116–N. Therefore, with respect to the officers and directors named both in the instant action and Civil Action No. 83–116–N, the plaintiffs lack standing because they failed to demonstrate under Rule 23.1 that the FSLIC refused to assert a right it properly could have asserted.

■ Further, Rule 23.1 requires that the complaint in any shareholder's derivative action allege with particularity the efforts made to obtain the action the plaintiffs desire from the directors or comparable authority, here the FSLIC, and the reasons for the failure. Such specificity is necessary to insure that the decision to sue for harm to the corporation initially belongs to the management of a corporation, and not to the shareholders. *Shlensky v. Dorsey,* 574 F.2d 131, 141 (3d Cir.1978); *Landy, supra* at 146. Such a decision to sue should be based on good business judgment utilizing the management's discretion and knowledge of the commercial operation,

and rest upon a thorough analysis of the facts presented in the shareholder's demand to sue. If the demand is not made with sufficient particularity as to foster a knowledgeable business decision, then shareholders, who are not typically charged with the daily operation of the business, should not be permitted to bypass management's decision-making process by instituting an action that could not have been fully considered. *Id.*

■ The plaintiffs in this action have made no demand that the FSLIC file suit against defendants Diamond Farms Associates, Inc., Lyles Boykin, D. Bart Frye, or Stephen P. Kisska, none of whom were officers or directors of First Savings. The demand letters merely requested action against the officers and directors. The plaintiffs' failure to make a specific demand to the FSLIC compels the dismissal of this shareholder's derivative suit as to the third parties who were not officers or directors of First Savings.

■ One officer of First Savings, Irvin A. Garner, was sued by the plaintiffs in the case at hand but has not been sued by the FSLIC in Civil Action 83–116–N. The present suit must be dismissed against Garner because the plaintiffs' claim against him is premature. After a demand is made a shareholder must give the corporation an adequate and reasonable amount of time to determine the appropriate action to be taken. *Lucking v. Delano*, 129 F.2d 283, 285 (6th Cir.1942); *Mills v. Esmark, Inc.*, 91 F.R.D. 70, 73 (N.D.Ill.1981); *Siegal v. Merrick*, 84 F.R.D. 106, 109 (S.D.N.Y.1979). The corporation must have an opportunity to evaluate the validity of a claim as well as refuse the opportunity before a derivative action is appropriate.

The FSLIC indicates that they are in the process of investigating and reviewing, both internally and by independent legal counsel, all claims not yet sued upon. Affidavit, Gary P. Timin, Staff Attorney for the FHLBB, ¶ 7. Further, the FSLIC states that:

> Given the complexity of the legal and factual issues involved, as well as

FSLIC's present knowledge of those claims, FSLIC believes any immediate action against parties other than those named in *FSLIC v. Dixon* would necessarily be premature, and potentially subject to dismissal, all to the great detriment of those claiming any interest in the potential recoveries from such actions on First Savings' behalf.

A receiver's willingness to pursue well-founded claims indicates that the receiver has not yet refused to bring suit on the corporation's behalf. *Lucking, supra* at 286. As any decision to institute suit against Garner, the lone remaining officer of First Savings not yet sued by the FSLIC, is under consideration by the FSLIC, this Court finds that the FSLIC should be given an ample and adequate opportunity to evaluate the likelihood of any recovery from Garner, especially in light of the impending resolution of the FSLIC's present suit before this Court.

Of course, some limit must be placed on the corporation's ability to forestall the suit, and if the FSLIC does not reply or act within a reasonable period of time, the Court may presume that the demand was futile and that the shareholder need wait no longer. *Mills, supra* (citation omitted). Such a lapse is not present in this case at this time. Accordingly, as the plaintiffs lack standing to assert their derivative claims against any defendant named in Count One of the case at hand, this Court hereby dismisses all of Count One pending the FSLIC's decision to prosecute or abandon additional claims against Garner.

■ Next, the Court will address Count Two of the plaintiff's complaint requesting the removal of the FSLIC as receiver for First Savings alleging an impermissible conflict of interest. An association, or their representative shareholders, must challenge the appointment of a receiver for an insolvent savings and loan association within 30 days of the appointment. 12 U.S.C. § 1464(d)(6)(A). If this procedure is not followed "no Court may take any action for or toward the removal of any ...

receiver, or, except at the instance of the Board [FHLBB], restrain or affect the exercise of powers or functions of a ... receiver." 12 U.S.C. § 1464(d)(6)(C). The ability to contest the appointment of a receiver is a right granted by the United States, and the right, not a privilege, lapses if the association does not act within 30 days. *First Savings and Loan Association v. First Federal Savings and Loan Association of Hawaii*, 547 F.Supp. 988, 996 (D.Hawaii 1982). Therefore, the necessity to act within 30 days constitutes a jurisdictional requirement. *Id.* In this case, the FSLIC was appointed receiver on August 6, 1982. The plaintiffs filed suit in state court on September 10, 1982, but did not request the removal of the FSLIC as a receiver until February 15, 1983. Accordingly, Count Two requesting the removal of the FSLIC is time barred as the request was made more than six months after the appointment of the receiver.

 Plaintiffs argue that 12 U.S.C. § 1464(d)(6)(A) does not provide the exclusive method to remove the FSLIC as receiver. They state that the conflict between FSLIC's role as receiver and its role as a creditor in its corporate capacity mandates the FSLIC's removal. This Court does not find the argument persuasive. Congress has explicitly authorized the FSLIC to act as a receiver of any insured savings and loan which is closed. 12 U.S.C. § 1729(b). The receiver is charged with the responsibility to represent the entire estate, including the pursuit of all creditor claims, acting in the best interests of the institution, its savers and the FSLIC. 12 U.S.C. § 1729(c)(3)(B). Therefore, Congress contemplated that the FSLIC would function in the dual role of creditor and receiver. As the Third Circuit Court of Appeals stated in *Landy,* they were unwilling to accept the plaintiffs' argument that the receiver would not carry out its statutory duties, "obligations which transcend the interests of both creditors and stockholders", in the absence of specific factual allegations which support an actual, not chimerical, conflict of interest. *Landy, supra* at 149. Here, the plaintiffs have demonstrated no

factual basis for any conflict other than to allege that the insurance coverage is insufficient and that the personal assets of the defendants are also insufficient to absorb the entire loss incurred by First Savings. Regrettably, creditors and stockholders often incur losses when a corporation becomes insolvent; however, the possibility that there are insufficient monies to pay all claims does not constitute a conflict of interest necessary to justify the removal of a receiver. Accordingly, Count Two of the complaint is DISMISSED.

 As all counts of the complaint in question are dismissed this Court need not rule on the plaintiffs' motion for consolidation. Rule 42(a) of the Federal Rules of Civil Procedure provides that when actions involving a common question of law or fact are *pending before the court,* the court may order a joint hearing of any or all matters in issue. (Emphasis added). As the plaintiffs' complaint has been dismissed on jurisdictional grounds the case is no longer pending before this Court and consolidation is no longer possible. A court has no authority to consolidate an action over which it has jurisdiction with one over which it does not. *Appalachian Power Co. v. Region Properties, Inc.,* 364 F.Supp. 1273, 1277 (W.D.Va.1973).

For similar reasons, this Court need not resolve defendant Kisska's motion for a more definite statement.

Accordingly, this Court GRANTS defendants' motions to dismiss for the above-stated reasons. Of course, if the FSLIC fails to institute suit against Garner within a reasonable period of time or fails to respond to a demand to sue the defendants who are not officers or directors of First Savings, the plaintiffs are free to reinstitute this suit against the defendants not named in *FSLIC v. Dixon* and any limitation or laches period will be deemed tolled from the time the present complaint was filed on September 10, 1982, until the date of this order. Plaintiffs' motion to consolidate and defendants' motion for a more definite statement is DENIED. The gov-

ernmental defendants' motion to strike is partially GRANTED and partially DENIED as discussed above.

IT IS SO ORDERED.